**STATE of Maine**

v.

**Phillip TOUSSAINT.**

**Phillip TOUSSAINT**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued June 17, 1983.

Decided Aug. 9, 1983.

Frederick C. Moore, Asst. Atty. Gen. (orally), Augusta, for the State.

Smith & Elliott, P.A., Peter W. Schroeter (orally), Saco, for Phillip Toussaint.

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

NICHOLS, Justice.

After the Defendant, Phillip Toussaint, was convicted on October 20, 1980, of armed robbery[1] following a jury trial in Superior Court (York County), he not only appealed directly to this Court but also sought post-conviction review, asserting in each that he had been denied effective assistance of counsel. The earlier direct appeal was held in abeyance pending the result in the petition for post-conviction review. Petitioner Toussaint appealed from a denial of post-conviction relief, and the cases were subsequently consolidated. We deny both appeals and affirm the judgments below.

The relevant facts may be summarized as follows: On June 25, 1980, a man robbed the Brunswick Hotel, Old Orchard Beach, of a large sum of money. Mrs. Garneau, the owner of the hotel, was the only eyewitness. She was able to provide the Old Orchard Police with a description of the robber. Two days later, the police showed her an array of five photographs, one of which was of the Defendant. From this photo-lineup, Mrs. Garneau identified the Defendant as having been the perpetrator. The Defendant was thereafter indicted by a York County grand jury.

At trial in October, 1980, the prosecution relied upon Mrs. Garneau's in-court identification of the Defendant as well as the testimony of a second witness, Allan Smith. Although the five photographs were admit-

---

1. 17–A M.R.S.A. § 651 (1983).

ted into evidence, they were never exhibited to the jury. The prosecution did not rely upon Mrs. Garneau's out-of-court identification.

After he was convicted, the Defendant discharged trial counsel and retained new counsel. He thereupon asserted that he was denied effective assistance of counsel at trial. Specifically, he contended that trial counsel was ineffective in failing to challenge the out-of-court identification, in failing to investigate and call witnesses, in failing to consider plea bargaining, and in failing to challenge a search warrant. Of these four claims, the only one meriting discussion is the claim relating to the out-of-court identification.

■ In evaluating claims of ineffective assistance of counsel we apply the two-pronged test enunciated in *Lang v. Murch,* 438 A.2d 914 (Me.1981). First, does counsel's "performance . . . [fall] measurably below that which might be expected from an ordinary fallible attorney . . .?" *Id.* at 915. Second, has counsel's "ineffective representation . . . likely deprived the defendant of an otherwise available substantial ground of defense . . .?" *Id.* The *Lang* test "does not lend itself to categorical rules but . . . is meant to be applied on a case-by-case basis . . . ." *True v. State,* 457 A.2d 793, 795 (Me.1983); *See United States v. DeCoster,* 624 F.2d 196, 203 (D.C.Cir.1976). We examine the post-conviction review justice's findings to determine whether they are clearly erroneous. *True,* 457 A.2d at 795; *Lewisohn v. State,* 433 A.2d 351, 354 (Me.1981).

■ We approach the evaluation of the performance of trial counsel cautiously lest we reach a result based solely on hindsight. To that end, trial counsel are accorded great deference in their tactical decisions. *True,* 457 A.2d at 796. "A shortfall by defense counsel that is perceptible but is modest rather than egregious is no basis for judicial interposition." *DeCoster,* 624 F.2d at 208. Any findings necessarily involved in the post-conviction justice's decision, but not specifically articulated, will be attrib-

uted to him. *Smith v. State,* 432 A.2d 1246, 1247 (Me.1981).

■ In the case at bar, the post-conviction justice could have found that trial counsel's performance fell measurably below that of an ordinary fallible attorney, under the first prong of *Lang.* In and of itself, trial counsel's failure to file a motion to suppress the photo-identification on the ground that it was unduly suggestive might not constitute performance measurably below that of an ordinary fallible attorney. Taking a broader view, however, trial counsel's failure to take any effective measures to protect his client from a potentially unduly suggestive photo-lineup identification is indefensible. When given an opportunity by the trial justice to conduct a voir dire examination of Mrs. Garneau, trial counsel failed to pursue the possibility that the photo-lineup was unnecessarily suggestive. Specifically, trial counsel did not attempt to show that the Defendant's picture was distinct from the other four, or that police procedures may have added to the suggestivity of the lineup. Were this the end of our inquiry, we would have no difficulty concluding that the Defendant was denied the effective assistance of counsel.

Turning, however, to the second prong of the *Lang* test, we must decide whether counsel's poor performance regarding the identification deprived the Defendant of an otherwise available, substantial ground of defense. 438 A.2d at 915. In applying the second prong of *Lang* to the facts of this case, we must determine whether a challenge to the identification would have constituted a substantial ground of defense. In other words, was the Defendant prejudiced by counsel's failure adequately to challenge the out-of-court and in-court identifications?

■ There are two steps in determining whether a challenged out-of-court identification is admissible at trial. The first step is whether the lineup was unduly suggestive. The second step, assuming the lineup was unduly suggestive, is "whether the 'cor-

rupting influence' of the suggestive procedures was outweighed by the reliability of the identification." *State v. Baker,* 423 A.2d 227, 229 (Me.1980); *State v. St. Onge,* 392 A.2d 47, 50 (Me.1978).

The procedure used initially by the police was not suggestive. All of the photographs portrayed men of similar appearance. The Defendant's photograph was no more distinctive than any of the others. *See State v. Doughty,* 408 A.2d 683, 686 (Me.1979). However, after Mrs. Garneau had chosen the Defendant's photograph, the officer conducting the photo-lineup indicated to her that she had chosen the "right" man. We have held that such conduct by the police may be "*conducive* to irreparable mistaken identification." *Doughty,* 408 A.2d at 687 (emphasis in original). That conduct alone, however, does not necessarily "create a *substantial likelihood* of misidentification." *Id.* (emphasis in original).

■ We come now to the second part of the *Baker* test and examine whether the "corrupting influence" of the suggestive procedures is outweighed by the reliability of the identification. *Baker,* 423 A.2d at 229. In assessing reliability, we consider factors such as the victim's opportunity to view the robber, her degree of attention, the accuracy of her description, her degree of certainty, and the amount of time between the crime and the identification. *St. Onge,* 392 A.2d at 51.

■ Mrs. Garneau was able to see the robber from a distance of about a foot. She was attentive enough to give the police a reasonably accurate description of the robber. There is no evidence that she was uncertain of her identification at the time she chose the photograph of the Defendant from those in the photo array. The photographs were presented to Mrs. Garneau only two days after the robbery, while the events of the crime were still fresh in her mind. Despite the suggestive procedure employed by the police, namely, confirming that the victim had chosen the "right" man, we conclude that the out-of-court identification was reliable.

■ Because the out-of-court identification was reliable, Mrs. Garneau's in-court identification is not impermissibly tainted by the suggestive lineup procedure. Furthermore, there was testimony by another witness that directly linked the Defendant to the robbery of the Brunswick Hotel. This witness testified that he went to the Defendant's home on the morning of the robbery and that the Defendant greeted him smiling, showed him the money, and explained to him some of the details of the robbery. The jury found the Defendant guilty of robbing the Brunswick Hotel based upon the testimony of this witness, as well as upon Mrs. Garneau's in-court identification of the Defendant. We conclude that the Defendant was not deprived of a substantial ground of defense due to counsel's failure adequately to challenge the identifications. Counsel's ineffectiveness regarding the identifications did not prejudice the Defendant.

We have reviewed the Defendant's claims of ineffective assistance of counsel relating to the failure to call witnesses, consider plea bargaining, and challenge the search warrant. We conclude that these claims are without merit.

In view of our disposition of the issues raised by the post-conviction petition, we need not discuss the sole issue raised on the direct appeal, the denial of the Defendant's motion for a new trial, which motion was grounded in a similar assertion of ineffective assistance of counsel.

The entry is:

Appeals denied.

Judgments affirmed.

All concurring.