Anthony K. Ferguson (orally), Fales & Fales, Lewiston, for plaintiff.

Robert Alan Wake (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Robert Demmons appeals the Superior Court's (Androscoggin County, *Alexander, J.*) decision denying post-conviction relief from the judgments of conviction entered by the District Court (Lewiston, *Gorman, J.*) on three counts of indecent exposure. 17–A M.R.S.A. § 854 (Class E) (1983 & Supp.1990).[1] Demmons contends, as he did before the Superior Court, that the record

Robert DEMMONS

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Nov. 12, 1991.

Decided Jan. 2, 1992.

---

1. 17–A M.R.S.A. § 1252(2)(E) (1983 & Supp. 1990) provides that the sentence of imprison- ment for a Class E crime shall not exceed 6 months.

does not support the finding of an informed waiver of his right to counsel. We agree and, accordingly, vacate the decision of the Superior Court.

The only record before the Superior Court revealed: On June 6, 1990, Demmons was present in the District Court in Lewiston to respond to charges of indecent exposure. Prior to his arraignment the court advised all assembled, including Demmons, regarding the right to plead guilty or not guilty to any criminal charges, the right to be represented by counsel and, in cases of indigency, the right to have the court assign counsel if the defendant was charged with an offense that could result in punishment consisting of jail time or a fine in excess of $500. At the time Demmons was arraigned before the District Court the record reflects the following colloquy occurred:

COURT: Robert Demmons. Mr. Demmons, you're charged with three counts of public indecency. How do you plead?

ROBERT DEMMONS: Guilty.

. . . .

COURT: Do you understand you can go to jail for six months for this?

ROBERT DEMMONS: No ma'am.

COURT: On each count.

ROBERT DEMMONS: I didn't know.

The court then inquired of the court officer as to Demmons's previous criminal record and was advised that in 1987 Demmons had been convicted of public indecency.

COURT: What was the sentence?

ROBERT DEMMONS: It was a $50.00 fine.

COURT: Okay. All right, Mr. Demmons, six months in the county jail, all but 48 hours suspended. One year of probation, special condition on probation is counseling to the satisfaction of the probation and parole officer.

Demmons's petition for post-conviction relief was denied by the Superior Court, and this appeal followed.

We review the findings of the post-conviction court to determine whether they are clearly erroneous. *State v. Tous-*

*saint,* 464 A.2d 177, 179 (Me.1983). The findings will not be overturned on appeal unless there is no competent evidence to support them. *True v. State,* 457 A.2d 793, 795 (Me.1983). Our rules require that

[i]f a defendant in a proceeding in which the offense charged is a Class D or Class E crime appears without counsel, the court shall advise the defendant of the defendant's right to counsel and shall assign counsel to represent the defendant unless the defendant elects to proceed without counsel or has sufficient means to employ counsel or unless the court concludes that in the event of conviction a sentence of imprisonment will not be imposed.

M.R.Crim.P. 44(a)(1). In order to be effective, waiver of the right to counsel must be accomplished knowingly and intelligently. Here the record reveals that the defendant was unaware that a jail sentence could be imposed. On such a record, it cannot be said that he knowingly and intelligently waived his right to counsel.

Because the District Court made no determination that the defendant waived counsel or had sufficient means to employ counsel, and because the record would support neither finding, Rule 44(a)(1) obligated the court to assign counsel.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to vacate the judgment of the District Court.

All concurring.