**Byron G. SMITH, Plaintiff,**

v.

**Allan L. ROBBINS, Defendant.**

Civ. No. 11–62.

United States District Court,
D. Maine, S. D.

June 18, 1971.

David J. Halperin, Portland, Me., for plaintiff.

Garth K. Chandler, Courtland D. Perry, Asst. Attys. Gen., Augusta, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is a class action under the Civil Rights Act, 42 U.S.C. § 1983, seeking injunctive relief against the censorship by the Maine State Prison authorities of so-called "legal mail," that is, inmate mail to and from courts and attorneys. Jurisdiction is conceded under 28 U.S.C. § 1343(3). The named plaintiff and the members of the plaintiff class are all confined in the prison serving sentences imposed by the courts of the State of Maine. Defendant is the warden of the prison, in whose custody plaintiffs are held.

Following an evidentiary hearing, and after extensive discussions between counsel under the supervision of the Court, the parties have reached a voluntary agreement for a comprehensive revision of the prison rules dealing with outgoing and incoming mail to and from courts, attorneys, and certain public officials, except in one minor respect, which has been submitted for determination by the Court. In substance, the proposed revised regulations, which are to be incorporated in the Court's decree, provide: (1) that properly addressed *outgoing* mail from an inmate to any court in the United States, an attorney, or any one of specified public officials shall not

be opened, read or inspected, or delayed in delivery, by the prison administration; (2) that *incoming* mail from the verified address of any of the above persons may be opened in the prison mailroom solely for the purpose of inspecting for contraband, but shall not be read, or delayed in delivery, by the prison officials. The single question upon which the parties have been unable to agree is whether an inmate shall be permitted to be present when a prison official opens to inspect for contraband incoming mail from an attorney. Plaintiffs do not question that prison security justifies the inspection for contraband of all incoming mail, nor do they seek the right to be present at the opening of incoming mail from a court or a public official. The narrow issue presented by this area of disagreement is the sole question remaining for determination by the Court.

 The principles which must govern the resolution of the question thus presented can be briefly stated. It is now clear that a prisoner is no longer "a slave of the State," Ruffin v. Commonwealth, 62 Va. (21 Gratt.) 790, 796 (1871), and that he retains the constitutionally protected rights of an ordinary citizen except to the extent that their withdrawal or limitation may be "justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948); Johnson v. Avery, 393 U.S. 483, 486, 89 S.Ct. 747, 21 L.Ed. 2d 718 (1969); Cooper v. Pate, 378 U. S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Ex parte Hull, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); Nolan v. Scafati, 430 F.2d 548 (1st Cir. 1970); Sostre v. McGinnis, 442 F.2d 178, 188 (2d Cir. 1971); Jackson v. Bishop, 404 F.2d 571, 576 (8th Cir. 1968); Jackson v. Godwin, 400 F.2d 529, 532 (5th Cir. 1968); Coffin v. Reichard, 143 F.2d 443, 445 (6th Cir. 1944), cert. denied, 325 U.S. 887, 65 S. Ct. 1568, 89 L.Ed. 2001 (1945). "A prisoner retains all the rights of an ordinary citizen except those expressly, or by necessary implication, taken from him by law." Coffin v. Reichard, *supra* at 445. Although the courts are reluctant to interfere with internal prison management, *see, e. g.,* Sostre v. McGinnis, *supra*; Douglas v. Sigler, 386 F.2d 684, 688 (8th Cir. 1967), when a prison regulation infringes a constitutional right of prisoners, a court must balance the asserted need for the regulation in furthering prison security or orderly administration against the claimed constitutional right and the degree to which it has been impaired. Seale v. Manson, 326 F.Supp. 1375, at 1379 (D.Conn., filed May 5, 1971); Gilmore v. Lynch, 319 F.Supp. 105, 109 (N.D.Cal.1970), prob. juris. postponed, 401 U.S. 906, 91 S.Ct. 864, 27 L.Ed.2d 804 (1971); Palmigiano v. Travisono, 317 F.Supp. 776, 785 (D. R.I.1970). Among the constitutional rights retained by prisoners is the right to the "Assistance of Counsel" secured to them by the Sixth and Fourteenth Amendments. Johnson v. Avery, *supra*; Nolan v. Scafati, *supra* at 551; McDonough v. Director of Patuxent, 429 F.2d 1189, 1192 (4th Cir. 1970); McCloskey v. Maryland, 337 F.2d 72, 74–75 (4th Cir. 1964); Burns v. Swenson, 300 F.Supp. 759, 761–762 (W.D.Mo.1969), modified and aff'd in part and rev'd in part, 430 F.2d 771 (8th Cir. 1970); Hirschkop & Millermann, The Unconstitutionality of Prison Life, 55 Va.L. Rev. 795, 823 (1969). "Assistance of Counsel" means effective assistance of counsel. McMann v. Richardson, 397 U. S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970); Glasser v. United States, 315 U.S. 60, 69–70, 62 S.Ct. 457, 86 L. Ed. 680 (1942); Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 56–57, 53 S.Ct. 55, 77 L.Ed. 158 (1932). A part of the guarantee of the effective assistance of counsel is the opportunity for free and private communication between the attorney and his client, free from third-party interception of confidences that may be exchanged. Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749, 757 (1951), cert. de-

nied, 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690, (1952); Palmigiano v. Travisono, *supra* at 789; United States *ex rel.* Ormento v. Warden, United States Pen., Leavenworth, Kansas, 216 F.Supp. 609, 611 (D.Kan.1963); In re Rider, 50 Cal. App. 797, 195 P. 965 (1920). *See* Haas v. United States, 344 F.2d 56, 67 (8th Cir. 1965). *Cf.* Black v. United States, 385 U.S. 26, 87 S.Ct. 190, 17 L.Ed.2d 26 (1966). As the court observed in Coplon v. United States, *supra,* "It is well established that an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." 191 F.2d at 757.

▇▇ The issue presented by the instant case thus requires the Court to balance plaintiffs' Sixth Amendment right to the effective assistance of counsel with the demands of prison security and orderly administration. Balancing these interests, insofar as they are affected by the narrow question here presented, can lead only to the conclusion that defendant has shown no security or administrative need sufficiently compelling to justify the resulting infringement of plaintiffs' constitutional right to unfettered communication with their counsel. On the one hand, even though the proposed regulations provide that incoming attorney mail shall not be read by the prison officials, the fact remains that they can still open such mail. It is evident, as in fact the evidence in the present record discloses, that if the opening occurs in the absence of the inmate, his attorney will still be reluctant to communicate fully with his client because of the fear that his correspondence will be read by others. The "chilling effect" on the inmates' right to the effective assistance of counsel is apparent. *Cf.* Palmigiano v. Travisono, *supra* at 789. On the other hand, prison security clearly does not require that the authorities be allowed to open incoming mail without the inmate being present. Nor has defendant presented any consideration which would indicate that it will unnecessarily hamper prison administration to require the authorities

to open incoming letters from attorneys in the presence of the inmate. Indeed, the record discloses that the current practice at the prison is to call inmates to the warden's office to receive their legal mail and to make personal delivery of legal mail to inmates in segregation. No reason appears why in either instance the opening and inspection for contraband cannot occur in the presence of the inmate when the mail is delivered to him.

For the reasons stated, the Court holds that the inmates are entitled to be present when the prison officials open incoming mail from attorneys to inspect for contraband.

Counsel may submit an agreed form of judgment, in conformity with the foregoing, within ten days. If counsel are unable to agree, plaintiffs' counsel shall submit a proposed form of judgment, with notice to defendant's counsel, within five days thereafter, and defendant's counsel may have an additional five days within which to present his comments thereon.

It is so ordered.