**Michael TRIBOU**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1988.

Decided Jan. 17, 1989.

---

Mark E. Susi (orally), Farris & Susi, Gardiner, for petitioner.

James E. Tierney, Atty. Gen., Charles K. Leadbetter, Garry L. Greene (orally), Asst. Attys. Gen., Augusta, for the State.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Petitioner, Michael Tribou, appeals from an order of the Superior Court (Kennebec County; *Brody, J.*) denying post-conviction relief on his claim of ineffective assistance of counsel. On appeal petitioner argues that the post-conviction justice erroneously concluded that he was not deprived of the effective assistance of counsel during his trial on charges of murder and attempted murder. With regard to both charges, he cites his counsel's failure to call a psychologist as a witness at the suppression hearing. With regard to the charge of murder, he contends that he was deprived of the effective assistance of counsel by his trial counsel's failure to request an instruction on adequate provocation manslaughter (17–A M.R.S.A. § 203(1)(B)) and his counsel's failure to appeal the omission of such an instruction. Because we find both claims to be without merit, we affirm the judgment of the Superior Court.

In the underlying criminal proceeding, petitioner was charged with murder, attempted murder, and aggravated assault. After jury trial, he was convicted of murder and aggravated assault and those convictions were affirmed on direct appeal. *State v. Tribou*, 488 A.2d 472 (Me.1985). The facts developed at trial were summarized on direct appeal as follows:

> In the late night of September 28, 1983, defendant shot Richard Cote and Mary Tribou with a .41 revolver. Mary Tribou survived the shooting, but Mr. Cote died of his wounds. At the time of the shooting, Mr. Cote and Mary Tribou were dancing together at the Courthouse Lounge in Waterville.

> Defendant had been married to Mary Tribou for approximately two years and was divorced on September 8, 1983. The record contains evidence that defendant continued to have contact with Mary Tribou after the divorce, and that defendant was jealous of other men, including Mr. Cote, who socialized with Ms. Tribou. On the night of the shooting while driving Ms. Tribou to the Courthouse Lounge, defendant told her that he wanted her to stop seeing Mr. Cote. Defendant also advised his ex-wife that she could "fast dance" but was not to engage in "slow dancing" with anyone.

The Tribous arrived at the Courthouse Lounge shortly after 10:00 p.m. Ms. Tribou left defendant to talk to Mr. Cote. Defendant asked his ex-wife to leave with him. When she refused to go he said he was "going home to kill myself." Before leaving, however, defendant broke the windshield of Mr. Cote's truck.

Defendant drove home, but he testified that he does not remember the actual trip. Before reaching the trailer, where he lived, defendant stopped at a convenience store. Next, he talked briefly with his mother at his trailer and rested for a few minutes on his bed. Defendant then returned to the Courthouse Lounge.

When defendant arrived at the Courthouse Lounge, he talked to Mr. Cote about paying for the broken windshield. Defendant also made several unsuccessful attempts to speak to Ms. Tribou after which she and Mr. Cote began to dance to a song she requested, called "Between the Sheets." Defendant testified that "Mary was looking at me with her head on his shoulder smiling, something, and then I just remember I—her squeezing him and putting her head down and I—I am not sure what it was. I just remember a weird feeling ... a weird feeling, that sunken, tight feeling." Defendant stated that he remembered neither the shooting nor most of his attempted escape.

Witnesses to the shooting testified that defendant walked close to the dance floor, reached under his jacket and pulled out a gun, and shot Mr. Cote in the back from about six feet away and then shot Ms. Tribou in the leg while she was lying on the floor. After the shooting defendant moved quickly to a rear exit, got in his car, and drove away.

*State v. Tribou*, 488 A.2d at 473–74. Following his conviction at trial and an unsuccessful appeal, petitioner filed the present action seeking post-conviction review pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp. 1987).

Article I, Section 6, of the Maine Constitution and the Sixth Amendment to the United States Constitution guarantee a defendant in a criminal prosecution the right to effective assistance of counsel. *Smith v. Robbins*, 328 F.Supp. 162, 164 (D.Me. 1971); *Lang v. Murch*, 438 A.2d 914, 916 (Me.1981). In *Lang* we concluded that, to guarantee this right, both the state and federal constitutions require a standard of "reasonably competent assistance" under which we inquire:

> (1) Has there been serious incompetency, inefficiency or inattention of counsel —performance by counsel which falls measurably below that which might be expected from an ordinary fallible attorney? and (2) Has such ineffective representation by counsel likely deprived the defendant of an otherwise substantial ground of defense?

*Id.* (citing *Commonwealth v. Saferian*, 366 Mass. 89, 96, 315 N.E.2d 878, 883 (1974)).

In *True v. State*, 457 A.2d 793 (Me.1983), we recognized that the *Lang* standard was meant to be applied on a case-by-case basis with the realization that

> the defense attorney's function consists in large part, of the application of professional judgment to an infinite variety of decisions ... a determination whether any given action or omission by counsel amounted to ineffective assistance cannot be divorced from consideration of the peculiar facts and circumstances that influenced counsel's judgment.

*Id.* (quoting *United States v. DeCoster*, 624 F.2d 196, 203 (D.C.Cir.1976)). We also noted that the task of formulating strategy is an area of judgment that readily lends itself to criticism based on hindsight. *Id.* at 796. Furthermore, we have stated that "improvident strategy [and] bad tactics, ... do not necessarily amount to ineffective assistance," *State v. Sinclair*, 236 A.2d 66, 67–68 (Me.1967) and "effective assistance ... does not require that counsel's performance be without errors." *True*, 457 A.2d at 796. Thus, we have adopted a deferential standard in reviewing such tactical decisions and require that a defendant show that a judgment is "manifestly unreasonable." *Id.* We will not overturn a post-conviction court's determination as to the effectiveness of trial counsel unless it is clearly erroneous and there

is no competent evidence in the record to support it. *Conner v. State*, 543 A.2d 819, 820–821 (Me.1988) (citing *True*, 457 A.2d at 795.)

■ In the case at hand, petitioner has failed to meet his initial burden of showing that there was deficiency in the performance of trial counsel. *Id.* at 797. With regard to the first claim, petitioner's counsel testified that he met with Dr. Robinson five times and provided Dr. Robinson with all the discovery that counsel had received. On the basis of these meetings, the discovery, and evaluations of petitioner, Dr. Robinson concluded that he had nothing to add to counsel's theory at the suppression hearing—that there was no way petitioner could have voluntarily, knowingly, or intelligently waived his Miranda rights. Thus, petitioner's counsel decided not to call Dr. Robinson to testify.

■ With regard to the second claim, petitioner's counsel testified that he requested an instruction on adequate provocation which was denied. He further testified that he argued extensively and in good faith to the trial justice that the facts of this case did generate adequate provocation. However, he also testified that he could find no law to support adequate provocation on these facts and thus "[i]t was not raised on appeal, because I guess in my own personal judgment we had very, very little to argue on that." Given the facts that petitioner did not testify that he was acting under the influence of extreme anger, that the alleged provocateur was Mary Tribou, no longer married to petitioner, dancing in a public place, and that there was no provocation on the part of the victim, Richard Cote, we cannot conclude that the strategy employed by defense counsel was "manifestly unreasonable." Thus, the finding of the Superior Court in that regard is not clearly erroneous.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and ROBERTS, CLIFFORD and HORNBY, JJ., concurring.

WATHEN, Justice, dissenting.

I respectfully dissent from the Court's opinion concerning trial counsel's failure to appeal the omission of an instruction on adequate provocation manslaughter. I submit that the Court has ignored the actual ruling of the post-conviction justice below and engaged in its own factfinding in order to sustain a ruling based on a misconception of the law. I would vacate the judgment, thereby correcting the misconception, and remand to the post-conviction justice for further factfinding.

In response to the claim of ineffective assistance of counsel, the post-conviction justice found that defense counsel "did request [a manslaughter] instruction, albeit off the record, and the court rejected it. [Counsel's] failure to preserve this issue on the record was not error, particularly in view of the fact that the court rejected the requested instruction *and it would appear that on the facts of the case the defense of adequate provocation was not generated.*" (emphasis added).

Claims of ineffective assistance of counsel are resolved by applying the "reasonably competent assistance" standard set forth in *Lang v. Murch*, 438 A.2d 914 (Me. 1981):

(1) Has there been serious incompetency, inefficiency or inattention of counsel—performance by counsel which falls measurably below that which might be expected from an ordinary fallible attorney?

(2) Has such ineffective representation by counsel likely deprived the defendant of an otherwise available substantial ground of defense?

The factual findings of the post-conviction justice are reviewed under the "clearly erroneous" test and are overturned only if they are unsupported by evidence. *True v. State*, 457 A.2d 793, 795 (Me.1983). In the present case, however, the court's factual findings are premised on the legal conclusion that "the defense of adequate provocation was not generated." Based on that conclusion, the presiding justice was logically compelled to answer both inquiries under *Lang* in the negative. No attorney

could be faulted for failing to raise a defense that is not generated on the record. In affirming the judgment below, this Court avoids upholding the conclusion that the defense was not generated. Rather the Court suggests subtly that the defense did not have strong evidentiary support. The Court then finds as a fact that defense counsel's conduct did not fall below that which might be expected from an ordinary fallible attorney.

The conclusion is inescapable that the post-conviction justice erroneously held that the defense was not generated on the trial record. Under the Maine Criminal Code, the essential inquiry for reducing murder to manslaughter is whether the actor causes death "while under the influence of extreme anger or extreme fear brought about by adequate provocation."[1] The post-conviction justice offered no basis for his conclusion that the mitigating defense was not generated. The State attempts to support his ruling by arguing that the conduct of Ms. Tribou could not legally serve to provoke the killing of Mr. Cote, and even if it could, her conduct could not support a finding of adequate provocation. The State does not argue that the rule of mitigation is necessarily confined to acts of marital infidelity. *See* 2 LaFave & Scott, *Substantive Criminal Law*, § 7.10(b)(5) at 259 (1986). Rather, the

State argues that the acts of a provocateur (Ms. Tribou) cannot mitigate the killing of an "innocent bystander" (Mr. Cote). *See id.* at § 7.10(g). On the facts of this case, while it is true that Mr. Cote is not the paramour of an adulterous spouse, neither is he correctly described as a bystander. Moreover, the statute we apply speaks in general terms without categorical exclusion. The inquiry posed by the statute is whether petitioner acted under the influence of extreme anger or fear brought about by adequate provocation. 17-A M.R.S.A. § 201(3) & (4). The adequacy of the provocation and the reasonableness of petitioner's response "are conclusions of fact to be drawn by the trier of fact." *State v. Flick*, 425 A.2d 167, 172 (Me.1981).

The record in this case contradicts the finding of the post-conviction justice that *no* evidence of provocation was offered. Accordingly, his findings under *Lang* are tainted by a mistake of law. We should vacate unless we can rule that, although the defense was generated, no jury could rationally have found that the defense was established by a preponderance of the evidence.[2] I am unable to make such a ruling and, even though this Court affirms, it does not hold that the events leading up to the killing of Richard Cote could not support a finding of adequate provocation.

---

1. 17-A M.R.S.A. § 201 provides in pertinent part:

    3. It is an affirmative defense to a prosecution [for intentional or knowing murder] that the actor causes the death while under the influence of extreme anger or extreme fear brought about by adequate provocation.

    4. For purposes of subsection 3, provocation is adequate if:

    A. It is not induced by the actor; and

    B. It is reasonable for the actor to react to the provocation with extreme anger or extreme fear, provided that evidence demonstrating only that the actor has a tendency towards extreme anger or extreme fear shall not be sufficient, in and of itself, to establish the reasonableness of his reaction.

    5. Nothing contained in subsection 3 may constitute a defense to a prosecution for, or preclude conviction of, manslaughter or any other crime.

    Section 203(1)(B) correspondingly provides:

    1. A person is guilty of manslaughter if he:

    B. Intentionally or knowingly causes the death of another human being under circum-

    stances which do not constitute murder because he causes the death while under the influence of extreme anger or extreme fear brought about by adequate provocation. Adequate provocation has the same meaning as in section 201, subsection 4. The fact that he causes the death while under the influence of extreme anger or extreme fear brought about by adequate provocation constitutes a mitigating circumstance reducing murder to manslaughter and need not be proved in any prosecution initiated under this subsection.

2. Because adequate provocation manslaughter is an affirmative defense, defendant is charged with both the burden of going forward with the evidence and the burden of persuasion to a preponderance. 17-A M.R.S.A. § 101(2) (1983). Our opinion in *State v. Inman*, 350 A.2d 582 (Me.1976) precedes both the Criminal Code and the opinion of the United States Supreme Court in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

Under our statute it remains a question of fact whether any such provocation is reasonable in light of the immediate circumstances and the history of marital difficulty, the recent divorce, continuing jealousy and affection, and continuing efforts at reconciliation.

In finding as fact that petitioner received reasonably competent legal assistance during his trial and appeal, the post-conviction justice erroneously assumed that trial counsel was charged with having failed to preserve and appeal a defense that was not generated by the evidence. Because the defense was generated, defendant was entitled to a manslaughter instruction if his request had been properly preserved. I would vacate and remand for an assessment, pursuant to *Lang,* of trial counsel's performance in failing to preserve and appeal a defense that *was* generated by the evidence. I recognize that on remand the post-conviction justice could make the same finding of fact that this Court has made, but the petitioner is entitled to his judgment on the facts.