STATE of Maine

v.

David CUMMING.

Supreme Judicial Court of Maine.

Argued Oct. 6, 1993.
Decided Nov. 15, 1993.

Wayne S. Moss (orally) Asst. Atty. Gen., Augusta, for the State.

Schuyler G. Steele (orally), Newport, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

David Cumming appeals from the judgment entered on his conviction following a jury trial in the Superior Court (Piscataquis

County, *Kravchuk, J.*) for intentional and knowing murder and depraved indifference murder. 17–A M.R.S.A. § 201(1)(A) & (B) (1983). Cumming contends that the trial court erroneously refused to suppress certain incriminating statements Cumming made to his father and two police officers, and challenges the trial court's denial of his motion for acquittal and the trial court's jury instructions. Finding no error, we affirm the judgment.

On the evening of October 15, 1990, David Cumming planned to kill himself. First, however, Cumming wanted to see his former wife, Vickie, one last time. They had been divorced three weeks earlier after a four-year marriage. Cumming had been unemployed for some time and was in a state of depression.

Cumming went to the plant where Vickie worked and waited for her to come out. While waiting, Cumming tried to get into Vickie's car but found the doors locked. In the doorjamb, Cumming discovered a note to Vickie from a male friend. The note was later found in Cumming's car.

About an hour later, Cumming drove to Vickie's apartment. He hid in the darkness near Vickie's home and again waited. Vickie returned, went inside, and when she came back out, Cumming leapt from his hiding place as she was entering her car, forced her into the passenger seat, and drove off.

Vickie struggled to get away. She had reason to be afraid of Cumming, who had abused her in the past. Cumming hit her as he drove. At the time Vickie either dove out the window of the car in an effort to escape or was pushed out by Cumming, he estimated the speed of the vehicle at sixty miles per hour. Cumming then turned the car around, saw Vickie sitting up in the road, drove back, and ran over her.

Cumming then went to the home of his foster parents; called his father down from his bedroom, and told him: "Vickie's dead, I've killed her. She jumped out the window. What else can I do but shoot myself." Cumming toyed with his father's revolver and was obviously agitated. When Cumming finally

went to bed, his father left the house, went to the nearby home of his daughter, and called the police.

Officer Dennis Dyer responded to the call and came to the daughter's home. From there, Officer Dyer telephoned the Cummings' farm and when David answered the phone, Dyer identified himself as "Dennis Dyer." Unprompted, Cumming blurted out that he had killed Vickie and that she had jumped from the car. Dyer then went to the farm, met with several other officers, and took Cumming into custody.

At the police station, Detective Bernie Emery gave Cumming the required *Miranda*[1] warning and interviewed Cumming. After giving a detailed, incriminating account of the events leading to Vickie's death, Cumming invoked his right to counsel, yet the interview continued. Although the court (Piscataquis County, *Smith, J.*) granted Cumming's motion to suppress the interview from the point at which Cumming claimed his right to counsel, and although he reserved the right to challenge the propriety of playing a recording of the interview at all, Cumming allowed the entire recorded interview to be played at trial.

Cumming moved for acquittal at the close of the State's evidence contending that the State had failed to prove causation, and arguing that his actions were not heinous enough to warrant a charge of depraved indifference murder. The court denied the motion. The jury convicted Cumming of both intentional and knowing murder and of depraved indifference murder.

I.

Cumming contends that the trial court should have suppressed as involuntary his confessions to his father and to Officer Dyer and Detective Emery. Cumming offers no evidence of external coercion, but claims that his mental state rendered the statements involuntary. "A confession is voluntary if it results from the free choice of a rational mind, if it is not a product of coercive police conduct, and, if under all the

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

circumstances its admission would be fundamentally fair." *State v. Smith,* 615 A.2d 1162, 1163 (Me.1992). The State bears the burden of proving voluntariness beyond a reasonable doubt. *Id.; State v. Caouette,* 446 A.2d 1120, 1122 (Me.1982). On appeal, we will not disturb the factual finding by the trial court that a statement was voluntary if the evidence rationally supports that conclusion. *Caouette,* 446 A.2d at 1124. The standard of review is clear error. *Smith,* 615 A.2d at 1163.

■ On this record, the court did not err by denying Cumming's motion to suppress the statements made to Cumming's father, Officer Dyer and Detective Emery. The trial court was free to reject the testimony by Cumming's expert. *See State v. Knights,* 482 A.2d 436, 442 (Me.1984) (trial court assigns weight and credibility to expert testimony); *State v. Philbrick,* 481 A.2d 488, 494 (Me. 1984) (trial court not required to accept testimony of defendant's expert). The record supports the trial court's finding.

## II.

■ Next, Cumming contends that his statements to Officer Dyer should have been suppressed because Dyer did not read Cumming the warnings required by *Miranda.* Since this argument is raised for the first time on appeal, we review for obvious error only. *State v. Durepo,* 472 A.2d 919, 922 (Me.1984).

■ The trial court's admission of the statements was correct. "*Miranda* warnings are required only when a defendant is in custody and subject to interrogation." *State v. Bragg,* 604 A.2d 439, 440 (Me.1992). Here, Cumming was not deprived of his freedom in any significant way, nor could he believe that he was not free to leave. *State v. Thibodeau,* 496 A.2d 635, 638 (Me.1985). Furthermore, there was no interrogation. Interrogation encompasses both express questions and words or actions the police should know are likely to elicit an incriminating response. *Id.* at 638–39. Here, however, Cumming confessed without any prompting whatsoever. In fact, Cumming confessed so quickly that

Dyer could not possibly have given the warnings to which Cumming now lays claim.

Cumming also asserts that there "is no indication in the record that Detective Emery informed Mr. Cumming of his *Miranda* rights prior to [their] interview." This contention is not supported by the record. Prior to the interview, Emery gave Cumming a complete explanation of his rights and Cumming waived them.

## III.

■ Cumming next argues that the State's inability to prove which injury killed Vickie required that the trial court grant his motion for acquittal. He is mistaken. We review the denial of a motion for acquittal to determine whether "there was legally sufficient evidence to support the guilty verdict." *State v. Hebert,* 480 A.2d 742, 744 (Me.1984). *See also State v. Fox,* 494 A.2d 177, 179 (Me.1985). "Evidence is legally sufficient when a trier of fact, resolving all discrepancies in the evidence in favor of the state, rationally could find the essential elements of the offense charged beyond a reasonable doubt." *Hebert,* 480 A.2d at 744. The evidence showed that Vickie suffered a number of injuries that could have been mortal. The State pathologist, however, could not say which injuries were caused by her striking the pavement from a fast moving car and which were caused by Cumming running over her as she sat in the road.

"[C]ausation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant was clearly insufficient." 17–A M.R.S.A. § 33 (1983). The evidence supports the conclusion that Vickie was still alive and sitting up in the road when Cumming ran her down. Whether Vickie was mortally injured by her initial fall from the speeding car is irrelevant. So long as the jury could rationally conclude she was alive when Cumming ran her down, he certainly hastened her death. That is sufficient causation. *State v. Reardon,* 486 A.2d 112, 116–17 (Me. 1984) (robbery caused victim to die of heart

attack). Cumming's conduct in running Vickie over was not clearly insufficient to have alone caused Vickie's death. 17–A M.R.S.A. § 33 (1983).

### IV.

▮ Cumming also maintains that the evidence was insufficient to warrant a charge of depraved indifference murder and that the court should therefore have granted his motion for acquittal on that charge. Depraved indifference murder applies when "the accused's conduct, 'objectively viewed, created such a high tendency to produce death that the law attributes to him the highest degree of blameworthiness.'" *State v. Crocker,* 435 A.2d 58, 63 (Me.1981) (quoting *State v. La-Gasse,* 410 A.2d 537, 540 (Me.1980)). Objectively viewed, either pushing a woman out of a car while driving at 60 miles per hour or running over a seriously injured woman as she sits helpless in the street has such a high tendency to produce death as to deserve the highest degree of blameworthiness.

### V.

Cumming next contends that the evidence generated an issue of adequate provocation and the trial court erred by refusing to give the jury an instruction on the issue. Cumming relies on the evidence that over an hour before the incidents that led to Vickie's death, Cumming found a note from a male friend stuck in the doorjamb of Vickie's car.

▮ Before instructing the jury on a defense, the trial court must determine whether the evidence is legally sufficient to support it. *State v. Michaud,* 611 A.2d 61, 63 (Me. 1992). On appeal from the denial of a requested instruction, the test is "whether a jury could rationally have found that the defense was established by a preponderance of the evidence." *Id.* To establish the defense of adequate provocation, Cumming would have had to introduce sufficient evidence to allow the jury to conclude that it was "reasonable for [him] to react with extreme anger or extreme fear." 17–A M.R.S.A. § 201(4) (Supp.1992–1993). *See also State v. Rainey,* 580 A.2d 682, 685 (Me. 1990). There are limits on the type of conduct that we will recognize as sufficient to engender extreme anger or fear and mitigate the conduct of the defendant. *State v. Flick,* 425 A.2d 167, 173 (Me.1981). For example, it is well-settled that "mere words" will not suffice. *Michaud,* 611 A.2d at 63.

▮ Cumming and Vickie were divorced. Merely finding a note suggesting that his former wife had formed a new relationship is insufficient provocation to drive a reasonable man to murder. *Tribou v. State,* 552 A.2d 1262, 1263–64 (Me.1989) (divorced man was not adequately provoked when he found his former wife in a lounge dancing with another man). Moreover, Cumming offers no evidence that the note in fact provoked him. His extensive confession makes no mention of the note. On the contrary, Cumming stated only that he was depressed, planning suicide, and wanted to see his former wife one last time before he killed himself. Finally, Cumming found the note well before he found Vickie. The alleged provocation must be close in time to the criminal act. *Rainey,* 580 A.2d at 685. After finding the note, Cumming drove to Vickie's apartment and lay in wait for her. Ample time had passed for any heat of passion to have cooled.

### VI.

Finally, Cumming attacks the jury instructions on depraved indifference. On appeal, we review jury instructions to ensure that they "inform[ed] the jury correctly and fairly in all necessary respects of the governing law." *Phillips v. Eastern Maine Medical Ctr.,* 565 A.2d 306, 308 (Me.1989). Cumming claims that the instruction did not clarify for the jury that to find him guilty of depraved indifference, it must have found that Vickie was still alive when Cumming ran over her. There was adequate evidence to support the instruction as given and the court's instruction correctly stated the law.

The entry is:

Judgment affirmed.

All concurring.