2005 ME 99

**STATE of Maine**

v.

**Greg James WARMKE.**

Supreme Judicial Court of Maine.

Argued: June 14, 2005.
Decided: Aug. 12, 2005.

**32**

---

G. Steven Rowe, Attorney General, Donald W. Macomber, Asst. Atty. Gen. (orally), Andrew Benson, Asst. Atty. Gen., Augusta, for State.

David J. Van Dyke (orally), Hornblower, Lynch & Van Dyke, P.A., Lewiston, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

LEVY, J.

[¶ 1] Greg James Warmke appeals from a judgment of conviction entered in the Superior Court (Somerset County, *Studstrup, J.*) after a jury found him guilty of the murder of Leslie Bullock, *see* 17–A M.R.S.A. § 201(1)(A) (Supp.2004). Warmke argues that the court erred in refusing to instruct the jury on adequate provocation manslaughter, as set forth in 17–A M.R.S.A. §§ 201(3) and 203(1)(B) (Supp.2004). Because the court properly concluded that the evidence was not legally sufficient to support a jury instruction on the affirmative defense of adequate provocation, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Warmke and Bullock married in August 1999. Their relationship was troubled, and they divorced in March 2002. After the divorce, Warmke became depressed, and he claims he felt persecuted by what he perceived to be Bullock's ongoing mistreatment of him.

[¶ 3] On May 2, 2003, brandishing a shotgun, Warmke confronted Bullock in her driveway. Bullock asked Warmke why he was there, and he told her that he was going to shoot her. Warmke then held Bullock hostage for the next three hours, during which time he complained to her about how she had mistreated him. At about 11:00 A.M., a heating oil truck began backing up Bullock's driveway to make a delivery. At that point, Warmke claims that Bullock smirked at him. Warmke testified, "It was like she just knew she won . . . . [I]t [was] like, Greg, . . . you try and try and try but all you do is screw up. You can't even do this right. . . . [S]he just had that big smirk on her face like ha-ha, you're screwed again dude." Warmke became enraged and shot Bullock in the torso. He then reloaded his gun and shot her in the head.

[¶ 4] Warmke was indicted for Bullock's murder on July 25, 2003. At his arraignment on August 8, Warmke entered a plea of not guilty, coupled with a plea of not criminally responsible by reason of insanity, 17–A M.R.S.A. § 39(1) (Supp.2004). A jury trial was held in April 2004.

[¶ 5] At trial, Warmke admitted that he had killed Bullock, but requested an adequate provocation manslaughter instruction. Warmke argued that Bullock's mistreatment of him during and after their marriage, and her smirk prior to the shooting, caused him to be extremely angry and constituted adequate provocation for the killing. Warmke pointed out that the State's forensic psychologist, Dr. Ann LeBlanc, testified during cross-examina-

---

* Justice Paul L. Rudman sat at oral argument and participated in the initial conference, but retired before this opinion was certified.

tion that his extreme anger was a reasonable response to such behavior. Because there was evidence that the shooting was the product of that anger, Warmke asserted that he was entitled to an adequate provocation instruction.

[¶ 6] The court denied the requested instruction, explaining that whether the evidence was legally sufficient to support the defense depended on whether Warmke's extreme anger was self-induced and whether it was reasonable to react to the alleged provocation with extreme anger. The court found that Warmke's anger was self-induced because he initiated the confrontation with Bullock. Therefore, the court concluded that the evidence was insufficient to support an adequate provocation defense.

[¶ 7] The jury returned a guilty verdict. The jury also found that Warmke had not proven by a preponderance of the evidence that "he lacked substantial capacity to appreciate the wrongfulness of his conduct" at the time of the offense. 17–A M.R.S.A. § 39(1). The court sentenced Warmke to the Department of Corrections for a term of thirty-seven years.

[¶ 8] Warmke filed a motion for a new trial pursuant to M.R.Crim. P. 33, alleging that the court erred in refusing to instruct the jury on adequate provocation. The court denied the motion, and this appeal followed.

## II.  DISCUSSION

[¶ 9] Warmke argues that the court erred in refusing to instruct the jury on the defense of adequate provocation.[1] He asserts that Bullock's provocation of him was two-fold: her chronic mistreatment of him and her smirk just prior to the shooting.

[¶ 10] In order to vacate a judgment based on a denied jury instruction, the appealing party must demonstrate that the denied instruction: "(1) states the law correctly;  (2) is generated by the evidence in the case;  (3) is not misleading or confusing;  and (4) is not otherwise sufficiently covered in the court's instructions." *Clewley v. Whitney*, 2002 ME 61, ¶ 8, 794 A.2d 87, 90. "In addition, the refusal to give the requested instruction must have been prejudicial to the requesting party." *Id.*

[¶ 11] A murder charge can be reduced to manslaughter if the defendant caused the death "while under the influence of extreme anger or extreme fear brought about by adequate provocation." 17–A M.R.S.A. §§ 201(3), 203(1)(B). Provocation is adequate if "[i]t is not induced by the [defendant]" and if "[i]t is reasonable for the [defendant] to react to the provocation with extreme anger or extreme fear." 17–A M.R.S.A. § 201(4) (Supp.2004). Adequate provocation is an affirmative defense, 17–A M.R.S.A. § 201(3) (Supp.2004), and therefore, "must be proved by the

---

1. Warmke also contends that the court erred by interpreting 17–A M.R.S.A. §§ 201(3) and 203(1)(B) (Supp.2004) as requiring proof that the killing was not self-induced, when the statutes require only that he prove that his anger was not self-induced. Contrary to Warmke's contentions, however, the court construed the statutes properly. In discussing whether an adequate provocation instruction was warranted in this case, the court stated that in order to determine whether the evidence was legally sufficient to support the defense, it had to consider "whether the extreme anger brought about by adequate provocation was ... induced by [Warmke]." Thus, the court's finding that Warmke's initiation of the confrontation with Bullock precluded an adequate provocation defense was not, as Warmke contends, predicated upon a misinterpretation of sections 201 and 203. The court properly evaluated Warmke's anger for adequate provocation, just as Warmke asserts that it should have.

defendant by a preponderance of the evidence," 17–A M.R.S.A. § 101(2) (1983).

[¶ 12] Although the adequacy of the provocation is a question to be resolved by the fact-finder, the court must first determine whether the evidence is legally sufficient to generate the defense. *State v. Michaud*, 611 A.2d 61, 63 (Me. 1992). "[W]hether there is any evidence 'from which the jury could find provocation and other elements reducing the offense to manslaughter [is] a question of law for the determination of the court.'" *Id.* (quoting *State v. Park*, 159 Me. 328, 333, 193 A.2d 1, 4 (1963)). "The court must view the evidence in the light most favorable to the defendant when determining whether sufficient evidence exist[s] to warrant a jury instruction on adequate provocation." *State v. Bridges*, 2004 ME 102, ¶ 15, 854 A.2d 855, 860. The test for "measuring the sufficiency of the evidence is whether a jury could rationally have found that the defense was established by a preponderance of the evidence." *Michaud*, 611 A.2d at 63.

## A. History of Domestic Discord

[¶ 13] Contrary to Warmke's claim, Bullock's alleged mistreatment of him during and after their marriage was too remote in time from the killing to constitute adequate provocation. It is well settled that "[t]he alleged provocation must be close in time to the criminal act." *State v. Cumming*, 634 A.2d 953, 957 (Me. 1993); *see also* 2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 15.2(d) at 509 (2d ed. 2003) (stating that "[t]he typical heat-of-passion manslaughter case is that in which one specific event ... immediately produces a rage in the defendant"). We have previously noted that a time span as short as a little more than an hour provides ample time for one's passions to cool. *Cumming*, 634 A.2d at 955, 957. We have

also stated that as a person's anger develops over an extended period of days or weeks, the reasonableness of that anger as adequate provocation decreases for purposes of section 201(4). *State v. Pulsifer*, 1999 ME 24, ¶ 18 n. 4, 724 A.2d 1234, 1239.

[¶ 14] In this case, even assuming that Bullock's alleged mistreatment of Warmke caused him to be extremely angry, the mistreatment, if any, occurred months, if not years, prior to the confrontation ending in Bullock's death. Thus, there was ample time for Warmke's passions to cool prior to the confrontation. *See Cumming*, 634 A.2d at 957; *Pulsifer*, 1999 ME 24, ¶ 18 n. 4, 724 A.2d at 1239. Accordingly, the history of domestic discord between Warmke and Bullock was insufficient to generate an adequate provocation defense. *See State v. Mann*, 2005 ME 25, ¶ 10, 868 A.2d 183, 186.

## B. The Smirk

[¶ 15] With respect to the alleged smirk, the court correctly concluded that Warmke's initiation of the confrontation with Bullock precluded an adequate provocation defense. Provocation is adequate only if it is not induced by the defendant. 17–A M.R.S.A. § 201(4); *State v. Rainey*, 580 A.2d 682, 685 (Me.1990). Thus, pursuant to section 201(4), Warmke first had to establish that the provocation was not induced by him. 17–A M.R.S.A. § 201(4)(A). That is, he had the burden of proving that he did not initiate the event that provoked his extreme anger.

[¶ 16] Warmke alleges that Bullock smirked at him because it appeared that the arrival of the oil delivery truck signaled the end of his confrontation with her. Warmke initiated and then sustained that confrontation. Accordingly, regardless of whether it was reasonable for Warmke to react to the smirk with extreme anger, the evidence was insufficient to generate an

adequate provocation instruction because his actions induced the alleged provocation. *See Mann,* 2005 ME 25, ¶ 10, 868 A.2d at 186.

The entry is:

Judgment affirmed.