ENTERED NOV 0 4 2014

STATE OF MAINE                          SUPERIOR COURT
Kennebec, ss                            CR-12-378

                                        4/18/2014


Peter G. Bathgate, II,

        Petitioner

v.                                      **ORDER ON PETITION FOR
                                        POST-CONVICTION REVIEW**

State of Maine,

        Respondent


## BACKGROUND

Before the Court is a Petition for Post-Conviction Review brought by Peter G.

Bathgate, II who was convicted upon a guilty plea entered by him on January 27, 2012 to

the intentional and knowing Murder of Paul A. Allen. The parties jointly recommended a

sentence of 45 years in prison, which was accepted and imposed by the Court.

The Petitioner filed this matter on May 9, 2012. An Amended Petition was filed

on August 1, 2012 after counsel was appointed. Petitioner is represented by Attorney

Verne Paradis. The State is represented by Deputy Attorney General William Stokes.

Hearing on the Petition was held on March 6, 2014. Before the hearing, Petitioner's

counsel clarified that certain claims made in the Amended Petition were being

withdrawn, specifically paragraphs 5-7.[1]

---

[1] The withdrawn claims alleged that Petitioner was pressured into pleading guilty by trial counsel, and that his guilty plea was not knowing and voluntary; that trial counsel failed to effectively argue for mitigation at sentencing, and that he failed to prepare Petitioner to speak at sentencing; and that trial counsel failed to advise him of his right to direct appeal as well as collateral review of his conviction.

1

The claims that remain for resolution by the Court are as follows. First, he alleges that trial counsel failed to adequately advise him about the defense of adequate provocation. Second, he alleges that Trial Counsel failed to adequately challenge the admissibility of statements Petitioner made to police. Third, he argues that Trial Counsel failed to effectively negotiate a plea agreement by not presenting his defenses to prosecutors and presenting him for a proffer regarding the involvement of Jessica Jones in the murder. She was his girlfriend at the time Paul Allen was killed by the Petitioner.

At hearing, the Petitioner called Dr. Carlysle Voss, M.D and the Petitioner. The State called Trial Counsel. The Court has considered the testimony of the witnesses, the admitted exhibits, and the written arguments of counsel, the last of which was received by the Court on March 31, 2014.

## FINDINGS AND CONCLUSIONS

In order to prevail on this Petition for Post-Conviction Review, the parties agree that Petitioner must prove two things. First, he must establish that Trial Counsel's performance fell measurably below the performance that might be expected of an ordinary, fallible attorney. If he proves that, he must also prove that the substandard performance "likely deprived the defendant of an otherwise available substantial ground of defense." *Legasse v. State,* 655 A.2d 328, 329 (Me. 1995). The Court will address each claim separately in light of these standards.

2

*I.* *Adequate provocation defense*

Petitioner claims that Trial Counsel failed to competently prepare and present the affirmative defense of adequate provocation. The Court has reviewed the statutes in question which provide for this defense, and the Court has reviewed case law referenced by both parties, including *State v. Hanaman,* 2012 ME 40 and *State v. Pulsifer,* 1999 ME 24.

The Court concludes, based upon the essentially uncontested facts of what occurred, and viewing those facts in the light most favorable to the Defendant, that no instruction for this defense would have provided by the trial court even if the matter had gone to trial and been requested. As the parties know, in order to be entitled to this instruction, a person must not only be under the influence of extreme anger or extreme fear, but the extreme emotion (anger or fear) must have been provoked by the victim. The provocation, however, must also be legally adequate, which requires that the defendant's reaction be objectively reasonable. In addition, the Defendant must not have induced the provocation. *Hanaman,* ¶20. If a Defendant instigates or creates a situation or event that results in provocation, or places himself in a situation that results in arousal of fear or anger, the defense is unavailable. *Id.* 26; *State v. Warmke,* 2005 ME 99; *State v. Lockhart,* 2003 ME 108.

In this case, it is undisputed that the Defendant did "lure or bait Mr. Allen out to a secluded area in Hallowell, hide in the bushes for him, attach him with a cane, stab him multiple times and then run over him with his car...." State's Memorandum, pg. 5. Defendant's claim is that the victim provoked him because he had been "grooming" his daughter for sexual abuse (the Defendant claims the victim was a sex offender) and also

3

because the victim had been making advances toward his girlfriend. However, these acts of provocation could hardly be seen as legally adequate given the law's requirement that the extreme anger or fear be close, if not immediate, in time to the acts provoking the extreme emotions. *State v. Warmke,* 2005 ME 99, ¶14. The failure of the Petitioner to chronologically link the alleged acts of the victim to the Defendant's response to those acts would have prevented the Trial Court from instructing on this defense.

Because Petitioner has failed to prove that he could have generated the defense of adequate provocation, the Court will deny his first claim for relief.


## II.    *Counsel's failure to pursue the filed motion to suppress statements*

Petitioner claims that Trial Counsel was ineffective for failing to pursue a a motion to suppress that had been filed by the attorney initially appointed to represent the Petitioner at trial. Petitioner claims alternatively that he would likely have prevailed on the motion, and that at the very least, pursuing it would have resulted in him having leverage with the State resulting in a better outcome.

Petitioner suggests that the testimony of Dr. Voss supports his position. However, after hearing from Dr. Voss and reviewing the transcript of his testimony, the Court concludes that Dr. Voss' opinion provides no such support for this claim. Dr. Voss, like the expert retained earlier in the trial process by defense counsel, cannot help the defense position. Dr. Voss did state that consuming large quantities of drugs and/or alcohol, combined with sleep deprivation, could render a person incapable of knowing and voluntarily waiving his constitutional rights. However, in Petitioner's case, Dr. Voss came to just the opposite conclusion. [Transcript, pg. 37-38].

4

The Court concludes that based upon Dr. Voss' testimony the Petitioner has failed to prove that he was deprived of an available, substantial grounds of defense and that he would not have prevailed had he pursued the motion. In addition, the Court concludes that Petitioner has failed to prove that he would have had leverage with the State simply by pursuing this motion. The State is certainly not conceding this, and there is no evidence in the record, expert or otherwise to support this assertion.

The Court will therefore deny this claim for relief.

### III. Counsel's failure to utilize information regarding Jessica Jones

Petitioner's final claim is that Trial Counsel had an obligation to utilize information in his possession that implicated Jessica Jones as an accomplice to the crime for which he was convicted. Petitioner seems to acknowledge that Trial Counsel did have preliminary discussions regarding a potential proffer being made by him to the State about this information. However, he claims that the failure to pursue the proffer process constitutes ineffective assistance of counsel.

The Court finds that Petitioner has failed to prove that Trial Counsel's failure to pursue the proffer constitutes ineffective assistance. First, the Court would note Petitioner's concession that he was not sure the State would have offered anything less than 45 years even if the proffer had been pursued and completed. Second, the State adamantly denies it would have made a difference to the offer they made, and credibly point out the difficulties the State would face if they elected to believe the Petitioner that she was involved as an accomplice when he Petitioner had made prior statements that she was not. More fundamentally, there is no other evidence, expert or otherwise, to the

contrary, i.e., supporting the notion that pursuing this line of investigation would have resulted in a more beneficial sentence than the Petitioner received.

Finally, the Court found Trial Counsel's testimony to be credible when he explained that the Petitioner was concerned during the plea negotiation process that implicating Ms. Jones could have resulted in their child growing up without a parent. The Court concludes that Trial Counsel's failure to pursue the proffer under these circumstances was entirely appropriate as it is clear he was following the directive of the Petitioner who was at the time reasonably concerned for the future of his minor child.

The entry will be: The Petition for Post-Conviction Review is DENIED.

4/18/17

**DATE**

**SUPERIOR COURT JUSTICE**

6

PETER GEORGE BATHGATE II
  vs
STATE OF MAINE

## DOCKET RECORD

PL. DOB: 10/26/1980
PL. ATTY: VERNE PARADIE
        PARADIE SHERMAN & WORDEN
        11 LISBON ST SUITE 202
        LEWISTON ME 04240
        APPOINTED 06/25/2012

State's Attorney: EVERT FOWLE
State's Attorney: WILLIAM STOKES

Filing Document: PETITION
Filing Date: 05/09/2012

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

05/14/2012 FILING DOCUMENT -  PETITION FILED ON 05/09/2012

05/14/2012 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 05/09/2012

06/20/2012 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 06/18/2012

06/26/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/15/2012

06/26/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/25/2012
        NANCY  MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
06/26/2012 Party(s):  PETER GEORGE BATHGATE II
        ATTORNEY -  APPOINTED ORDERED ON 06/25/2012

        Attorney: VERNE PARADIE
07/06/2012 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 06/19/2012
        M MICHAELA MURPHY , JUSTICE
08/13/2012 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 08/01/2012

08/23/2012 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 08/23/2012

        Attorney: VERNE PARADIE
10/26/2012 NOTE -  OTHER CASE NOTE ENTERED ON 10/26/2012

        PROPOSED ORDER FOR MENTAL EXAMINATION FILED BY ATTY PARADIE ON 10/22/12....WAITING FOR
        DA'S POSITION ON IT.
01/14/2013 HEARING -  CONFERENCE SCHEDULED FOR 01/24/2014 at 12:00 p.m.
        M MICHAELA MURPHY , JUSTICE
        NOTICE TO PARTIES/COUNSEL
01/14/2013 HEARING -  CONFERENCE NOTICE SENT ON 01/14/2013

01/31/2013 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 01/31/2013

02/14/2013 OTHER FILING -  OTHER DOCUMENT FILED ON 02/14/2013

        EVALUATION SCHEDULED FOR 02/23/13 AT 1:00 PM

0'   /2013 PSYCHIATRIC EXAM -  COMPETENCY EVALUATION REPORT FILED ON 03/20/2013

          COPY OF ORDER MAILED TO DA OFFICE AND AAG BENSON
03/20/2013 PSYCHIATRIC EXAM -  STAGE ONE EXAM ORDERED ON 03/20/2013

          CRMINAL RESPONSIBILITY                                      COPY MAILED TO
          DA OFFICE AND AAG BENSON
08/28/2013 LETTER -  FROM PARTY FILED ON 08/22/2013

          Attorney:  VERNE PARADIE
          REQUEST FOR FINAL HEARING
09/13/2013 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 09/18/2013 at 03:30 p.m.

          BY PHONE WITH JUSTICE MURPHY IN FRANKLIN
09/26/2013 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 09/18/2013
          M MICHAELA MURPHY , JUSTICE
          Attorney:  VERNE PARADIE
          DA:  DONALD MACOMBER
01/31/2014 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 03/06/2014 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
01/31/2014 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 01/31/2014

01/31/2014 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 01/31/2014

          CERTIFIED COPY TO SHERIFF DEPT.
C    7/2014 MOTION -  MOTION FOR DISCOVERY FILED BY STATE ON 02/07/2014

02/24/2014 Party(s):  STATE OF MAINE
          ATTORNEY -  RETAINED ENTERED ON 02/21/2014

          Attorney:  WILLIAM STOKES
02/27/2014 MOTION -  MOTION FOR DISCOVERY GRANTED ON 02/24/2014
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
03/11/2014 HEARING -  EVIDENTIARY HEARING HELD ON 03/06/2014
          M MICHAELA MURPHY , JUSTICE
          Attorney:  VERNE PARADIE
          DA:  WILLIAM STOKES
          Defendant Present in Court
03/11/2014 POST CONVIC. REVIEW -  PCR DETERMINATION UNDER ADVISEMENT ON 03/06/2014
          M MICHAELA MURPHY , JUSTICE
03/18/2014 BRIEF -  PETITIONERS BRIEF FILED ON 03/18/2014

          Attorney:  VERNE PARADIE
          PETITIONER'S BRIEF IN SUPPORT OF POST CONVICTION RELIEF
03/26/2014 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY STATE ON 03/26/2014

          DA:  WILLIAM STOKES
03/31/2014 OTHER FILING -  MEMORANDUM OF LAW FILED ON 03/31/2014

          DA:  WILLIAM STOKES
          MEMORANDUM OF LAW IN OPPOSITION TO THE PCR

O  1/2014 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/31/2014
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
04/28/2014 ORDER -  COURT ORDER FILED ON 04/18/2014
          M MICHAELA MURPHY , JUSTICE
          ORDER ON PETITION FOR POST CONVICTION REVIEW
04/28/2014 FINDING -  DENIED ENTERED BY COURT ON 04/18/2014
          M MICHAELA MURPHY , JUSTICE
          THE PETITION FOR POST CONVICTION REVIEW IS DENIED
04/28/2014 HEARING -  CONFERENCE HELD ON 01/24/2014
          M MICHAELA MURPHY , JUSTICE
          Defendant Not Present in Court


A TRUE COPY
ATTEST: _____
                    Clerk