Robert C. TRUE, III

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1983.

Decided March 8, 1983.

Cloutier, Woodman & Cloutier, James F. Cloutier (orally), Portland, for plaintiff.

Charles K. Leadbetter, Maryellen Black (orally), Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Petitioner sought post-conviction review of two convictions of rape. The Superior Court (Cumberland County) granted the petition in part, vacating one judgment of conviction, and denied it in part. The petitioner appeals from the denial of his petition. The State argues that harmful error was committed by the court in vacating the judgment of conviction and, pursuant to the provisions of M.R.Crim.P. 76(e)(3)(b), requests correction in the event that the decision of the Superior Court is to be vacated. Since we affirm the judgment of the Superior Court, we are required to address only those issues raised by the petitioner. The petitioner asserts that the Superior Court erred in denying post-conviction relief on his claim of ineffective assistance of counsel. He contends that certain findings of fact are erroneous and that the court erred as a matter of law in placing upon the petitioner the burden of proving prejudice resulting from ineffective assistance of counsel. We do not agree with petitioner's contentions and deny the appeal.

The complex factual and procedural background here involved may be summarized as follows: The petitioner was originally charged in a three-count indictment with having committed the offense of rape on three sisters, Lona (Count I charged forcible rape in violation of 17–A M.R.S.A. § 252(1)(B) (1983)), Alexena (Count II charged statutory rape in violation of 17–A M.R.S.A. § 252(1)(A) (1983) victim under the age of fourteen), and Ruth Ann (Count III charged forcible rape as in Count I). Following a jury trial in Superior Court, the petitioner was found guilty on all counts and was sentenced to twenty years on each. On direct appeal from the judgments entered, this Court vacated the judgment on Count I and affirmed the judgments entered on the remaining counts. *State v. True,* 438 A.2d 460 (Me.1981). In his petition for post-conviction review, the petitioner requested that the remaining judgments of conviction be vacated on the ground of ineffective assistance of counsel. The principal factual issue raised at the post-conviction hearing was the adequacy of the investigation conducted by petitioner's court-appointed trial counsel with respect to each of the three original charges.

At the time of jury trial, the case for the defense consisted of three alibi witnesses, whose testimony related to Count I, and the defendant himself. Trial counsel testified in the present proceedings that he had numerous conferences with the defendant in preparation for trial, that he spoke with defendant's estranged wife by telephone, and that he spoke with the three alibi witnesses just before calling them to the stand. Counsel acknowledged that he had made no further effort to contact potential witnesses; but he contended that he had contacted all potential witnesses made known to him by the petitioner. At the post-conviction hearing, ten other witnesses were presented including petitioner's sister Alexena, an old-

er sister Inez, a younger brother Chauncey, petitioner's great grandmother, his mother, his estranged wife, a sister's boyfriend, a friend, an attorney who represented the mother and father with respect to criminal charges brought against them, and the petitioner. From this cast of witnesses, it appeared that there was additional evidence which could have been offered at the trial. Alexena, the victim in Count II, and her younger brother offered testimony which would tend to undercut the trial testimony of sister Lona as to Count I. The older sister Inez, the petitioner's mother and great grandmother offered testimony which could be construed as tending to prove that Alexena was in Canada at the time the offense in Count II was alleged to have occurred. The petitioner's estranged wife offered testimony which would tend to undercut the trial testimony of sister Ruth Ann as to Count III. The testimony of the wife was corroborated by sister Inez and by a friend of the petitioner.

The habeas justice concluded, after hearing, that petitioner had established his entitlement to relief from the conviction involving Alexena, Count II. The court found that at the time that the incident was alleged to have taken place, Alexena might have been in Canada with her parents, and that defense counsel's failure to investigate prevented jury consideration of the factual dispute. Specifically, the court found that both of Alexena's parents were able to testify as to her whereabouts, and that her mother had spoken with defense counsel prior to trial and had then offered to testify. With regard to the remaining judgment of conviction, the habeas justice ruled that defense counsel's performance did not fall measurably below that which might be expected from an ordinary fallible attorney and denied relief. From the latter decision petitioner appeals.

In *Lang v. Murch*, 438 A.2d 914 (Me. 1981), this Court adopted the "reasonably competent assistance standard" for evaluating claims of ineffective assistance of counsel. Under that standard, the habeas justice is required to make a two-fold inquiry:

(1) Has there been serious incompetency, inefficiency or inattention of counsel—performance by counsel which falls measurably below that which might be expected from an ordinary fallible attorney? (2) Has such ineffective representation by counsel likely deprived the defendant of an otherwise available substantial ground of defense?

*Id.* at 915. The standard does not lend itself to categorical rules but rather is meant to be applied on a case-by-case basis with the realization that:

The defense attorney's function consists, in large part, of the application of professional judgment to an infinite variety of decisions in the development and prosecution of the case. A determination whether any given action or omission by counsel amounted to ineffective assistance cannot be divorced from consideration of the peculiar facts and circumstances that influenced counsel's judgment. In this fact-laden atmosphere, categorical rules are not appropriate.

*United States v. DeCoster*, 624 F.2d 196, 203 (D.C.Cir.1976).

■■■ Upon review, in the absence of any request for further findings of fact pursuant to M.R.Crim.P. 23(c), "we attribute to the habeas justice any findings necessarily involved in his decision, even though not articulated . . . ." *Smith v. State*, 432 A.2d 1246, 1247 (Me.1981). Those findings, express and implied, are reviewed under the "clearly erroneous test" and will not be overturned on appeal unless there is *no* competent evidence to support them. *Id.*; *Lewisohn v. State*, 433 A.2d 351, 354 (Me.1981).

■■ The petitioner first challenges the court's implied finding that defense counsel's failure to seek trial severance of the three counts of the indictment did not constitute ineffective assistance of counsel. We are not persuaded that that finding is clearly erroneous. The record of the post-conviction hearing permitted the court to conclude that defense counsel's decision not

to seek a severance was firmly premised upon considerations of trial strategy. Defense counsel described that strategy as follows:

Well, I thought that Lona's story and the other girls story was so ridiculous that possibly by trying all three of them together, we might slip by with the underage one even though I had my doubts.

The examination of any aspect of defense counsel's conduct requires particular care lest there be unnecessary and unwise interference in the attorney-client relationship. In order to be effective, the application of this standard must be based on the perception that:

The court's appraisal requires a judgmental rather than a categorial approach. It must be wary lest its inquiry and standards undercut the sensitive relationship between attorney and client and tear the fabric of the adversary system. A defense counsel's representation of a client encompasses an almost infinite variety of situations that call for the exercise of professional judgment. A shortfall by defense counsel that is perceptible but is modest rather than egregious is no basis for judicial interposition—as appears from [*U.S. v.*] *Agurs* [427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)], *Bruce* [*v. U.S.*] [379 F.2d 113 (D.C.Cir.1967)], [*Commonwealth v.*] *Saferian* [366 Mass. 89, 315 N.E.2d 878 (1974)] and the other cases cited. This limitation preserves the freedom of counsel to make quick judgments, and avoids the possibility that there will be frequent and wide-ranging inquiries into the information and reasoning that prompted counsel to pursue a given course. The problem is complicated by the fact that these decisions often derive from the information supplied by the client.

*DeCoster,* 624 F.2d at 208.

■■■ The deference required of the reviewing court is substantially heightened when the subject of the inquiry is a strategic or tactical decision made by defense counsel. The task of formulating strategy involves the highest levels of professional judgment and the sum total of defense counsel's knowledge, training, experience, and wisdom. It is an area of judgment which readily lends itself to criticism based on hindsight. Great strategic decisions may appear to be unorthodox or radical. A successful strategy is one that works. If fortune dictates an unfavorable result, the fact that the strategy employed was unconventional does not necessarily establish that it was ill-conceived. A deferential standard is appropriate in reviewing such tactical decisions and the question presented is whether the strategy has been shown to be manifestly unreasonable. *See Commonwealth v. Rondeau,* 378 Mass. 408, 411–413, 392 N.E.2d 1001, 1003–1004 (1979). In order to constitute ineffective assistance, "counsel's ineptitude [must] exceed by far mere errors of judgment which may be disclosed by subsequent events or hindsight." *Oesby v. United States,* 398 A.2d 1, 8 (D.C.App.1977). In reviewing claims of error in strategic judgment, this Court recognizes that the right to effective assistance of counsel does not require that counsel's performance be without errors, *Id.; United States v. Bosch,* 584 F.2d 1113, 1121 (1st Cir.1978); *Williams v. Beto,* 354 F.2d 698, 705 (5th Cir.1965), and will require that the judgment be shown to be manifestly unreasonable.

It is abundantly clear in this case that the finding of the habeas justice is not clearly erroneous. The strategic decision of defense counsel to try all three counts of the indictment together has not been shown to be manifestly unreasonable. The habeas justice could have concluded that the strategy was arguably justified by the rather unique facts presented. Petitioner was charged with the rape of three of his sisters. He had acknowledged to the police past sexual involvement with all three sisters. Two of the sisters claimed that there had been as many as 100 similar incidents in the past. There were at least two circumstances known to defense counsel which might have sounded incredible to a jury: the forcible rape of Lona was alleged to

have taken place with the petitioner wearing a condom, while the forcible rape of Ruth Ann was alleged to have taken place in petitioner's living room while his wife was present in the same dwelling. Beyond a presentation of those two circumstances, the presentation of the defense was clearly a complicated matter. One dramatic example will suffice: Petitioner testified that he had told his defense counsel that he could not have raped his sister Ruth Ann as alleged, because on the evening in question he had made sexual advances to yet a fourth sister and that this could be confirmed by his former wife since it resulted in their immediate separation. The facts of this case do not compel the conclusion that the strategy employed by defense counsel was manifestly unreasonable and the implied finding of the Superior Court in that regard is not clearly erroneous.

■ As his second ground for seeking relief on appeal, petitioner contends that the court erred in ruling upon counsel's failure to call petitioner's ex-wife as a witness with regard to Count III. Petitioner testified that in the course of preparation for trial he told his counsel that his ex-wife could confirm that his sister Ruth Ann could not have been baby-sitting as alleged, because another sister was performing that function. Defense counsel testified that he contacted the ex-wife by telephone and discussed the case with her for approximately five minutes. The habeas justice found that at the time of that conversation, the ex-wife was "extremely reluctant to testify [and] would have proved hostile had she testified. ... To put her on the stand could well have proved disastrous." Defense counsel testified that he concluded from that conversation that the ex-wife did not wish to help the petitioner in "any way,

shape or manner." The court concluded that the conduct of the defense counsel was informed and reasonable and did not involve serious incompetency, inefficiency or inattention. We uphold that finding.

Finally the petitioner argues that the court applied the burden of proof erroneously. He argues that *Lang* did not decide the issue of which party should bear the ultimate burden of proving that any ineffectiveness of counsel was either harmful or harmless. Petitioner contends that once a defendant has made an initial showing of ineffectiveness, the burden of proof requires the State to show that any failure of counsel was harmless beyond a reasonable doubt. The petitioner argues that the habeas justice erred in requiring him to bear the burden of proof in this case, and that had the correct standard been applied, he would have prevailed on Count III (Ruth Ann).

■ This argument is without merit. Again, the general standard for ineffectiveness of counsel was clearly announced in *Lang*. Under that standard, the burden is clearly on the defendant to make the initial showing that there was deficiency in the performance of trial counsel, and that this deficiency likely influenced the outcome of the trial. *Lang*, 438 A.2d at 915–916; *De-Coster*, 624 F.2d at 206. The court found that the petitioner had not made the initial showing in this case. The court clearly had no occasion to reach the question of whether the State may rebut a petitioner's showing of prejudice and prove that any prejudice was harmless.[1] The petitioner takes nothing from this claim of error.

The entry is:

Superior Court judgment corrected to read as follows:

1. Petitioner argues that placing the burden on a defendant to prove ineffectiveness of counsel violates the fundamental rights guaranteed by the Sixth Amendment. It is clearly established, however, that the petitioner must bear the initial burden of proof. *See, e.g., United States v. Wood,* 628 F.2d 554, 559 (D.C.Cir.1980). Further, *DeCoster* supports the notion that even if

the petitioner makes the initial showing, the State may rebut the showing of ineffectiveness by proof that any error was harmless beyond a reasonable doubt. *DeCoster,* 624 F.2d at 208, n. 74. There is, however, a split of authority on this issue. *See, Bosch,* 584 F.2d at 1122. We need not reach this issue in this case.

That the petition of Robert C. True, III is denied and the writ dismissed with respect to Count III of the original indictment involving Ruth Ann True.

The petition is granted with respect to Count II of the original indictment involving Alexena True and the judgment in Count II is hereby vacated and the case is restored to the trial docket.

As corrected the Superior Court judgment is affirmed.