STATE OF MAINE     SUPERIOR COURT
KENNEBEC, ss                           CRIMINAL ACTION
                                       DOCKET NO.  CR-06-778

ERNEST O'CONNOR,

      Petitioner

v.                                     ORDER ON PETITION
                                       FOR POST-CONVICTION
STATE OF MAINE                         REVIEW

On 2/7/06, the petitioner attempted to plead guilty in CR-05-761 to class B aggravated assault, class B unlawful trafficking in schedule W drugs, class C operating under the influence, and class E violation of conditions of release. The court rejected the plea agreement, which included four years of incarceration with a consecutive five-year suspended sentence. On 2/9/06, the petitioner pleaded to the same four charges. He received concurrent sentences of six years, one year, and 60 days, respectively, of incarceration on aggravated assault, operating under the influence, and violation of conditions of release. On unlawful trafficking, he received a sentence of five years, all suspended, three years probation, to be served consecutively to the other three sentences.

The petitioner alleges he received ineffective assistance of counsel because trial counsel:

1. did not inform the court about the petitioner's medical condition at the time of sentencing;

2. refused to inform the court of the petitioner's poor health; and

3. revealed previously unknown and confidential information to the prosecutor, which led to a violation of the plea agreement; when the court declined to accept the

1

first plea agreement, the petitioner was compelled to plead guilty based upon a previous involuntary plea.

For the following reasons, the petition is denied.

FINDINGS

The petitioner was arrested in December 2005 and indicted in December 2006. By letter dated 12/15/05, the petitioner requested that his first attorney withdraw. The petitioner's second attorney, who is the subject of this petition, was appointed on 1/13/06. He pursued two tracks on the seven-count indictment: trial and plea. Trial counsel concluded that the petitioner had a chance to prevail at trial perhaps on the aggravated assault and unlawful trafficking charges but not on all seven charges.

The prospects for success at trial were diminished, however, by the necessity of the petitioner's testifying; he had a very significant prior criminal record spanning 28 years. (2/7/06 Tr. at 6, 12-14, 18.) In rejecting the first plea, the court concluded that the petitioner was a "career criminal." (Id. at 18.) The petitioner agreed to that characterization at the plea on 2/9/06. (2/9/06 Tr. at 15.)

The petitioner's case was listed on the docket call scheduled for 2/7/06. If a plea agreement had not been reached, trial counsel would have requested, appropriately, additional time to prepare because he had just received the case.[1] A plea agreement was reached the previous week, however. The petitioner was very interested in moving his case forward and faulted his first attorney for not pursuing the case expeditiously.

Trial counsel, in negotiating with the District Attorney, did not pursue a cap plea agreement because of the serious, permanent injuries to the police officer who was the victim of the aggravated assault charge, the number of charges, and the petitioner's

2

extensive criminal record. Trial Counsel wanted the District Attorney "on the same page."

Within the context of plea negotiations, trial counsel discussed with the District Attorney and members of his staff the weaknesses in the State's case. Trial counsel did not divulge his defense and did not inform the District Attorney that the petitioner had admitted his guilt. Trial counsel did not state to the petitioner that if the case proceeded to trial, counsel would have to withdraw his representation because he had discussed the defense with the District Attorney and members of his staff. Trial counsel did state that because the petitioner admitted that he was involved in drug trafficking, trial counsel would have to withdraw if the petitioner intended to testify differently at trial. Accordingly, trial counsel presented three options to the petitioner: (1) proceed to trial with trial counsel and not testify; (2) testify at trial but request another attorney and a continuance and remain in the jail; or (3) plead guilty and receive a Department of Corrections (DOC) sentence.

The first plea agreement was rejected by the court. (2/7/06 Tr. at 18.) The court indicated it would impose a six-year initial sentence, as opposed to the suggested four-year initial sentence. (Id. at 18-19.) Trial counsel then met with the petitioner, who decided to proceed with a plea with the understanding that he would in all likelihood receive the six-year sentence. The petitioner did not want a trial.

At the second Rule 11 hearing on 2/9/06, the petitioner addressed the court. (2/9/06 Tr. at 14-16.) He did not mention his medical condition and stated that he was "very much so" satisfied with his trial counsel. (Id. at 16.)

---

[1] The petitioner cannot reasonably fault his second attorney for failing to be prepared for trial on the seven serious charges in the indictment within 24 days after appointment, especially because the late appointment of a second attorney resulted from the petitioner's request.

Trial counsel was aware of the petitioner's medical condition but that condition was not the main focus for counsel or the petitioner at the time the pleas were entered. The medical condition was not discussed at either Rule 11 hearing. The extent of the petitioner's problems was not then known. Although the petitioner was "pretty sure" he had cancer, no diagnosis had been made, and a diagnosis was not made until three or four weeks after sentencing. (6/7/06 Tr. at 2-3.) Although the petitioner was anxious about his health, trial counsel believed the jail accommodated the petitioner's needs appropriately and that the petitioner's expectations were unreasonable. Trial counsel discussed with the petitioner that medical care at the DOC facilities was superior to that in the county jails. The petitioner testified at the hearing on the petition for post-conviction review that he had been to the DOC previously and "had an idea" he would get better medical attention there. According to trial counsel, if the petitioner's diagnosis was, in fact, cancer, he would be better off at the DOC; if the diagnosis was not cancer, there was no reason to continue the sentencing.

The petitioner raised with trial counsel the issue of discussing his medical condition at the second Rule 11 hearing. Trial counsel advised that such an approach was not wise because the issue had not been raised at the first plea and highlighting medical problems could backfire. Further, arguing that the petitioner's medical condition was a mitigating factor was, in trial counsel's view, contrary to his goal, which was to convince the court that the defendant accepted responsibility for his actions.

The petitioner is intelligent and very experienced in, and knowledgeable about, the criminal justice system. During his criminal case, he asked questions, read the discovery, raised issues, made suggestions, and challenged trial counsel's advice and assumptions. The petitioner was very engaged in his defense.

The petitioner testified at the hearing on the petition for post-conviction review that "I knew what I was doing" when he pleaded. He decided it was in his best interests at the time to get into the prison system as soon as he could to get medical attention, regardless of the State's proof and regardless of whether he was guilty or not guilty.

CONCLUSIONS

The petitioner must show that "(1) the performance of [his] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [his] attorney's error, [he] would not have entered a guilty plea and would have insisted on going to trial." Aldus v. State, 2000 ME 47, ¶ 13, 748 A.2d 463, 468. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'" McGowan v. State, 2006 ME 16, ¶ 12, 894 A.2d 493, 497 (quoting Aldus, 2000 ME 47, ¶¶ 14-15, 748 A.2d at 468). "'[R]easonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" Laferriere v. State, 1997 ME 169, ¶ 8, 697 A.2d 1301, 1305 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984).

Heightened deference is accorded in reviewing strategic or tactical decisions by trial counsel. See True v. State, 457 A.2d 793, 796 (Me. 1983). The question is whether the strategy has been shown to be "manifestly unreasonable." Id.

Petitioner has failed to make the required showing. Counsel effectively assisted the petitioner.[2] No definite diagnosis of the petitioner's medical difficulties had been made in February 2006. Trial counsel determined that arguing about the petitioner's potential medical condition was contrary to the court's finding, as it did, that the petitioner was remorseful. (2/9/06 Tr. at 18-19.) Even assuming that medical

---

[2] Because the petitioner has not shown prejudice, the court could dispense with a discussion of the performance prong of the test. See Laferriere v. State, 1997 ME 169, ¶ 19, 697 A.2d 1301, 1309.

difficulties are always mitigating circumstances under the <u>Hewey</u> analysis, those difficulties were speculative on 2/9/06 and the petitioner did not want the case delayed. <u>State v. Hewey</u>, 622 A.2d 1151, 1154-55 (Me. 1993).

"A plea is valid if it is made voluntarily with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial." <u>Laferriere</u>, 1997 ME 169, ¶ 9, 697 A.2d at 1306 (quoting <u>State v. Comer</u>, 584 A.2d 638, 640 (Me. 1990). Trial counsel did not prejudice the petitioner through discussions with the District Attorney and members of his staff. Trial counsel presented the petitioner with three options. The petitioner decided a plea was in his best interests. The transcript makes clear that the petitioner's pleas were voluntary. (2/9/06 Tr. at 2-18.)

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: October 20, 2008

Nancy Mills
Justice, Superior Court

ERNEST P O'CONNOR
　　vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2006-00778

**DOCKET RECORD**

PL. DOB: 01/04/1960
PL. ATTY: DAVID PARIS
　　　　72 FRONT STREET
　　　　BATH ME 04530-2657
　　　　APPOINTED 09/14/2006

State's Attorney: EVERT FOWLE
State's Attorney: DIANE SLEEK

Filing Document: PETITION
Filing Date: 07/24/2006

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

07/24/2006 FILING DOCUMENT -  PETITION FILED ON 07/24/2006

07/24/2006 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 07/24/2006

08/22/2006 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 08/22/2006

08/31/2006 ORDER -  SPECIAL ASSIGNMENT ENTERED ON 08/29/2006

　　　　ASSIGNED TO NANCY MILLS.
09/14/2006 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/14/2006

09/14/2006 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/14/2006

　　　　COPY TO PARTIES/COUNSEL
09/14/2006 Party(s):  ERNEST P O'CONNOR
　　　　ATTORNEY -  APPOINTED ORDERED ON 09/14/2006

　　　　Attorney:  DAVID PARIS
10/11/2006 MOTION -  MOTION TO PREPARE TRANSCRIPT FILED BY DEFENDANT ON 10/02/2006

　　　　MAILED TO JANETTE COOK ON 10/11/06 ALONG WITH DOCKET ENTRIES FROM CR05-778
10/11/2006 MOTION -  MOTION TO PREPARE TRANSCRIPT GRANTED ON 10/10/2006

　　　　COPY TO PARTIES/COUNSEL
01/05/2007 OTHER FILING -  TRANSCRIPT FILED ON 01/04/2006

02/22/2007 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 02/21/2007

03/13/2007 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 03/12/2007

03/14/2007 ORDER -  TRANSCRIPT ORDER FILED ON 03/14/2007

　　　　TRANSCRIPT ORDER FILED BY STATE FOR ATTEMPTED RULE 11, MOTION TO REDUCE SENTENCE AND
　　　　MOTION FOR STAY, COPY GIVEN IN HAND TO JANET COOK
04/02/2007 OTHER FILING -  TRANSCRIPT FILED ON 04/02/2007

　　　　TRANSCRIPT OF RULE 11 DATED 6/7/06

04/02/2007 OTHER FILING -  TRANSCRIPT FILED ON 04/02/2007

          TRANSCRIPT OF RULE 11 DATED 6/22/06
04/02/2007 OTHER FILING -  TRANSCRIPT FILED ON 04/02/2007

          TRANSCRIPT OF RULE 11 HELD 2/7/06
04/27/2007 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 05/23/2007 @ 8:00

04/27/2007 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 04/27/2007

05/23/2007 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 05/23/2007 @ 8:00
          NANCY  MILLS , JUSTICE
          Attorney:  DAVID PARIS
          DA:  PAUL RUCHA
          Defendant Present in Court
05/23/2007 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 05/23/2007
          NANCY  MILLS , JUSTICE
          Defendant Present in Court

          3 HOUR HEARING TO BE SCHEDULED SEPTEMBER 2007
05/23/2007 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 09/25/2007 @ 1:00

          NOTICE TO PARTIES/COUNSEL
05/23/2007 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 05/23/2007

06/04/2007 Party(s):  STATE OF MAINE
          ATTORNEY -  RETAINED ENTERED ON 06/01/2007

          Attorney:  DIANE SLEEK
06/04/2007 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 06/01/2007

09/06/2007 HEARING -  EVIDENTIARY HEARING CONTINUED ON 09/06/2007

          JUSTICE MILLS IS IN SOMERSET COUNTY
04/18/2008 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 06/18/2008 @ 8:15

          NOTICE TO PARTIES/COUNSEL
04/18/2008 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 04/18/2008

04/18/2008 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 04/18/2008

          CERTIFIED COPY TO SHERIFF DEPT.
06/18/2008 WRIT -  HABEAS CORPUS TO PROSECUTE REMANDED ON 06/17/2008
          NANCY  MILLS , JUSTICE
06/19/2008 HEARING -  EVIDENTIARY HEARING HELD ON 06/18/2008
          NANCY  MILLS , JUSTICE
          Reporter: JANETTE COOK
          Defendant Present in Court
06/19/2008 CASE STATUS -  DECISION UNDER ADVISEMENT ON 06/18/2008
          NANCY  MILLS , JUSTICE
10/20/2008 ORDER -  COURT ORDER FILED ON 10/20/2008

10/20/2008 ORDER -  COURT ORDER ENTERED ON 10/20/2008

NANCY MILLS , JUSTICE
10/20/2008 FINDING - DENIED ENTERED BY COURT ON 10/20/2008
NANCY MILLS , JUSTICE

A TRUE COPY
ATTEST: _____ _____

Clerk