STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CRIMINAL ACTION
                                                  DOCKET NO.   CR-08-210


ALBERT DUMAS,

         Petitioner
    v.                                            ORDER ON PETITION
                                                  FOR POST-CONVICTION
STATE OF MAINE,                                   REVIEW

         Respondent


On March 7, 2007, the petitioner pleaded guilty to the following: in docket number Kennebec CR-06-855, kidnapping, class A; two counts of gross sexual assault, class A; and terrorizing, class C; in docket number Kennebec CR-06-988 (formerly Lincoln CR-06-229), attempted kidnapping, class B and gross sexual assault, class A.

On April 2, 2007, in CR-06-855, on the two Kennebec County counts of gross sexual assault, the defendant was sentenced to 70 years with all but 40 years suspended and 12 years of supervised release. He was sentenced to concurrent sentences on the other charges.

The petitioner alleges he received ineffective assistance of counsel because trial counsel:

1. was influenced by death threats against her and reduced her efforts on behalf of the petitioner;

2. failed to develop evidence regarding the petitioner's childhood experiences that could have been presented as mitigating factors at sentencing;

3. failed to develop potential evidence from character witnesses that could have been presented as mitigating factors at sentencing;

1

4. failed to interview the victim and develop exculpatory evidence that could have been used to impeach her testimony;

5. failed to advise the petitioner about his options regarding an appeal of his sentence or other post-conviction relief;

6. unduly influenced the petitioner to enter an involuntary plea even though he wanted a trial because he did not believe the witnesses would testify against him; and

7. disregarded the unavailability of witnesses, the petitioner's desire for a trial, and the improper use of a confession in order to coerce the petitioner to plead guilty.

For the following reasons, the petition is denied.

FINDINGS

Trial counsel has practiced law for 30 years. From 1981 until 1994, she served as an Assistant District Attorney and, later, Assistant Attorney General and focused exclusively on criminal cases, including homicide cases. She has tried many felony-level cases as a prosecutor and defense attorney.

She was appointed to represent the petitioner on 8/18/06, five days after the date of his offenses. She first met with the petitioner on 8/23/06 for one hour[1] at the Kennebec County Correctional Facility. Trial counsel and the petitioner discussed the charges in both counties and the motion to revoke probation. Counsel warned the petitioner about the significant media attention devoted to his case.

Counsel next met with the petitioner on 8/24/06 at court. She met with the petitioner at the KCCF on 9/15/06. They discussed the discovery received. Counsel asked the petitioner to read the discovery and record any disagreement he had with the facts. He did not disagree with the victim's version of events and he did not ask counsel

---

[1] Counsel's testimony regarding the dates and duration of her meetings with the petitioner was based on her billing records.

2

to interview the victim. Counsel and the petitioner also discussed the photo identification and petitioner's statements, issues that were the subject of the motion to suppress filed.[2]

The petitioner admitted to counsel that he had committed the offenses. Counsel had questions regarding where the offenses occurred and how the petitioner encountered the victim.

After receiving a plea offer from the State, counsel met with the petitioner at the KCCF on 11/17/06. They discussed the two offers: 70 years with all but a cap of 50 years suspended and 18 years of supervised release or 70 years with all but 40 years suspended and 18 years of supervised release. The petitioner stated that he could not and would not do 40 years in prison. He could accept 20 or 25 years in prison or he would go to trial. He maintained this position at counsel's next meeting with him at the KCCF on 1/15/07.

The petitioner decided not to be in the courtroom during the victim's testimony at the motion to suppress. Counsel found the victim's testimony to be extremely credible, detailed, and supported by the physical evidence.

On 2/2/07, the petitioner called counsel and stated that he wanted to represent himself and question the witnesses himself. They discussed the complicated nature of a trial but counsel agreed to file an appropriate motion if the petitioner persisted.

On 2/6/07, counsel discussed a new plea offer: 70 years with all but a cap of 40 years suspended and 12 years of supervised release. The petitioner accepted the offer and stated that he did not want a trial and could not go through a trial. He also stated

---

[2] The petitioner supplied cases to counsel regarding the photo identification. The cases were on point regarding the issue of whether the procedure used was unduly suggestive but did not address whether the identification was reliable even though the procedure was suggestive. See State v. True, 464 A.2d 946, 950 (Me. 1983).

that he would not survive more than 20 or 25 years in prison. Counsel explained that he could receive 40 years, as did the presiding justice. (Rule 11 Tr. at 30-31.) The facts of the case, the petitioner's prior criminal record, and the fact that he was on probation at the time the offenses were committed presented a challenge to counsel at sentencing. After 2/6/07, the petitioner never again stated he wanted a trial.

Prior to the petitioner's decision to plead, counsel was not aware of any witnesses who were unavailable for trial. Counsel did not suggest that pleading was the only option. The State's evidence was, in counsel's opinion, extremely strong and included conclusive DNA evidence. Counsel did not believe the petitioner would prevail at trial but she told the petitioner she was willing to try the case.

Counsel received a number of threats during her representation of the petitioner. Those making the threats believed that the petitioner should die and because she represented him, counsel should die as well. Counsel discussed the threats with the petitioner and the KCCF officers. She took the threats seriously and wanted the petitioner to do the same. She warned the petitioner that he was not safe in jail. He was suicidal and in segregation frequently.

Counsel told the petitioner that she carries a gun and has since 1981. She has had a number of threats in the past because of the work she does. This was not the first or the most difficult case she has handled. The threats had no effect on her representation of the petitioner.

Each time the petitioner was taken to the courthouse, there were picketers in front of the courthouse. The petitioner had become the focus of the debate about enacting the death penalty in Maine. The petitioner described his case as a "media freak show." Counsel knew it was highly unlikely a jury could be successfully selected in Kennebec County or Lincoln County. She also knew from experience, however, that an

4

attempt to select a jury in Kennebec County would be made before the case was transferred. No motion to change venue was requested by the petitioner.

Before he entered his pleas, counsel obtained funds and had the petitioner evaluated by Dr. Gary Rasmussen. Counsel wanted to explore issues regarding the petitioner's mental health, state of mind, and intent.

On 3/7/07, counsel met with the petitioner to discuss the plea procedure. She outlined the questions the court would ask, voluntariness, the elements of the offense, and pleading versus proceeding to trial. The petitioner knew what he was doing. He stated he wanted the case to be over. He did not want to put the victim through a trial and he did not want the media attention a trial would generate. He was concerned about the effect of a trial on his family and friends.

The petitioner would not allow counsel to contact his mother. Counsel did interview his father in October 2006. In February 2007, the petitioner instructed counsel not to contact his father. Counsel discussed the petitioner's childhood experiences with the petitioner and his father. She incorporated those in the sentencing memo. (Def.'s Sent. Mem. at 3-5.) At counsel 's request, two of the petitioner's friends wrote letters of support, which counsel attached to her sentencing memo. (Id., Exs. 2 & 3.) These friends were not particularly familiar with the petitioner's criminal history and their statements were not very helpful. Counsel also included a written statement from the petitioner. (Id., Ex. 1.) Counsel gave the petitioner copies of both sentencing memos. The petitioner was upset about the State's allegation that the use of a knife and strip ties showed that the offenses were planned. Counsel asked if the petitioner wanted to change anything in counsel's memo; he did not.

During the Rule 11 proceeding, the petitioner stated that he was satisfied with his attorney, he understood everything, and he had had sufficient time to discuss the

5

plea agreement. (Rule 11 Tr. at 10-11, 30-33.) The court offered an opportunity to ask counsel or the court questions and the petitioner declined the opportunity. (Rule 11 Tr. at 31-32.) The petitioner told the justice his pleas were voluntary and the court made that finding. (Rule 11 Tr. at 13, 33.)

After sentencing, counsel filed an application to appeal the sentence. (State's Ex. 1.) Leave to appeal the sentence was denied. (State's Ex. 2.) The petitioner's Rule 35 motion was denied. (Rule 35 Tr. at 30.) That ruling was appealed and the petition for a certificate of probable cause was denied. (State's Exs. 3 & 4.)

The petitioner's testimony that he met only very briefly with counsel, that they did not discuss the facts, and that counsel simply wanted him to plead so she could get rid of the case was not credible. He admitted he told his counsel that he would never get to a trial. He agreed that counsel was willing to try the case but advised that the sentence could be longer than the proposed plea agreement if he was convicted. Counsel's advice was correct.

By his own admission, the petitioner wanted the plea agreement and he wanted the case to be over. It was his decision to plead guilty and he knew that by pleading, he was giving up his right to a trial. He agreed he was truthful when he told the presiding justice that it was his choice to plead guilty. (Rule 11 Tr. at 13.)

CONCLUSIONS

The petitioner must show that "(1) the performance of [his] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [his] attorney's error, [he] would not have entered a guilty plea and would have insisted on going to trial." Aldus v. State, 2000 ME 47, ¶ 13, 748 A.2d 463, 468. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'"

6

McGowan v. State, 2006 ME 16, ¶12, 894 A.2d 493, 497 (quoting Aldus v. State, 2000 ME 47, ¶¶ 14-15, 748 A.2d at 468. "'[R]easonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" Laferriere v State, 1997 ME 169, ¶ 8, 697 A.2d at 1305 (quoting Ostrander v. Green, 46 F.3d 347, 355 (4th Cir. 1955).

Heightened deference is accorded in reviewing strategic or tactical decisions by trial counsel. See True v. State, 457 A.2d 793, 796 (Me. 1983). The question is "whether the strategy has been shown to be manifestly unreasonable." Id.

Petitioner has failed entirely to make the required showing. On this record, there is no possibility, let alone a reasonable probability, that the petitioner would have insisted on going to trial. He wanted to plead and his pleas were valid. See Laferriere v. State, 1997 ME 169, ¶ 9, 697 A.2d 1301, 1306 ("A plea is valid if it is made voluntarily with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial.") (quoting State v. Comer, 584 A.2d 638, 640 (Me. 1990); Henderson v. State, 1982 Me. Super. LEXIS 55 *17 (October 25, 1982) ("A guilty plea must be entered voluntarily, understandingly, and knowingly . . . For a plea of guilty to be voluntary, the defendant must understand the consequences of his actions and be fully aware of the meaning of any and all promises made to him.") (citations omitted); M.R. Crim. P. 11(d).

Further, counsel effectively assisted the petitioner[3] as follows:

Ground three: the threats and media attention in no way affected counsel's effective representation of the petitioner;

---

[3] Because the petitioner has not shown prejudice, the court could dispense with a discussion of the performance prong of the test. See Laferriere v. State, 1997 ME 169, ¶ 19, 697 A.2d 1301, 1309. In this case, the court concludes the discussion is warranted.

7

Grounds four and five: counsel developed and used information about the petitioner's childhood experiences and from character witnesses as effectively as she could, given the communication restraints imposed on her by the petitioner;

Ground six: the petitioner did not request that counsel interview the victim and, on this record, there is no evidence that "potentially exculpatory evidence" would have been obtained during such an interview;

Ground eight: counsel filed an application for leave to appeal the sentence, which was denied; and

Grounds nine and ten: the witnesses were available and counsel was prepared to defend the State's strong case. The petitioner's pleas were based on his choice, and not on any coercion or undue influence on the part of counsel.

The petitioner testified that he "was not happy with any of it." But his predicament then, and now, results from his criminal conduct and his circumstances. He was represented very effectively.

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: November 19, 2009

Nancy Mills
Justice, Superior Court

8

ALBERT DUMAS
  vs
STATE OF MAINE

## DOCKET RECORD

PL. DOB: 08/24/1972
PL. ATTY: DANIEL SKOLNIK
      LAW OFFICE OF DANIEL SKOLNIK
      80 EXCHANGE STREET, SUITE 400
      PORTLAND ME 04101
      APPOINTED 12/22/2008

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 03/17/2008

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

03/20/2008 FILING DOCUMENT -  PETITION FILED ON 03/17/2008

04/15/2008 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 03/26/2008

      STAYED PENDING OUTCOME OF MOTION TO REDUCE SENTENCE
12/17/2008 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 12/17/2008

12/19/2008 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 12/19/2008
      NANCY  MILLS , JUSTICE
12/23/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/17/2008

12/23/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 12/22/2008
      NANCY  MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
12/23/2008 Party(s):  ALBERT DUMAS
      ATTORNEY -  APPOINTED ORDERED ON 12/22/2008

      Attorney:  DANIEL SKOLNIK
02/05/2009 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 02/05/2009

02/20/2009 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 02/20/2009

02/23/2009 MOTION -  MOTION TO DISMISS FILED BY STATE ON 02/23/2009

05/01/2009 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 02/23/2009

05/13/2009 ORDER -  TRANSCRIPT ORDER FILED ON 05/12/2009

      DA:  PAUL RUCHA
      REQUEST FOR TRANSCRIPT OF MOTION HEARING                COPY SENT TO ER
      DIVISION
06/12/2009 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 06/23/2009 @ 2:20
      NANCY  MILLS , JUSTICE
      PHONE CONFERENCE
06/12/2009 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 06/12/2009

06/18/2009 ORDER - TRANSCRIPT ORDER FILED ON 06/17/2009

Attorney: DANIEL SKOLNIK
REQUESTS TRANSCRIPT OF RULE 11 HEARING AND SENTENCING HEARING, COPY SENT TO JANETTE COOK
AND ER                                              6/23/09 - WITHDRAWN BY ATTY
SKOLNIK DURING PCR PHONE CONFERENCE.  COPY SENT TO J. COOK AND ELECTRONIC RECORDING

06/24/2009 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 06/24/2009

06/25/2009 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 06/23/2009
NANCY  MILLS , JUSTICE
Attorney: DANIEL SKOLNIK
DA:  PAUL RUCHA

06/25/2009 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 06/23/2009
NANCY  MILLS , JUSTICE
AMENDED PETITION WILL BE FILED BY 6/29/09.  ANY RESPONSE WILL BE FILED BY 7/7/09.
EVIDENTIARY HEARING - 1/2 DAY.

10/30/2009 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 11/17/2009 @ 9:00
NANCY  MILLS , JUSTICE
NOTICE TO PARTIES/COUNSEL

10/30/2009 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 10/30/2009

11/16/2009 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 11/16/2009

CERTIFIED COPY TO SHERIFF DEPT.

11/18/2009 HEARING - EVIDENTIARY HEARING HELD ON 11/17/2009
NANCY  MILLS , JUSTICE
Attorney: DANIEL SKOLNIK
DA:  PAUL RUCHA          Reporter: JANETTE COOK
Defendant Present in Court

11/18/2009 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 11/17/2009
NANCY  MILLS , JUSTICE

11/20/2009 FINDING - DENIED ENTERED BY COURT ON 11/19/2009
NANCY  MILLS , JUSTICE

A TRUE COPY
ATTEST:  _____
                    Clerk