STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-09-25
ΝΜ - ΚΕΝ- 3 3 2010

IAN STANDRING,

        Petitioner

v.

STATE OF MAINE

ORDER ON PETITION FOR
POST-CONVICTION REVIEW

The petitioner was charged with two counts of gross sexual assault, class A; one count of unlawful sexual contact, class B; one count of unlawful sexual contact, class C; and one count of sexual abuse of a minor, class D. He was found guilty after a jury trial of two counts of gross sexual assault, class A; one count of unlawful sexual contact, class B; and one count of sexual abuse of a minor, class D. The class C unlawful sexual contact count was dismissed.

The petitioner alleges he received ineffective assistance of counsel because his counsel failed to file a motion for relief from prejudicial joinder and failed to file a motion to suppress his statements. For the following reasons, the petition for post-conviction review is denied.

FINDINGS

Petitioner's counsel is a very experienced criminal law trial attorney. She prosecuted criminal cases on behalf of the State as an Assistant District Attorney and an Assistant Attorney General for thirteen years. She now practices criminal defense law in private practice.

1

At the time counsel was appointed to represent the petitioner in late 2006, he was incarcerated on a probation hold. He remained incarcerated until the trial in March 2007.

Counsel sent the discovery to the petitioner. She asked the petitioner two times to review and write his comments on the discovery. He never did.

He initially wanted to plead to the charges and receive the least amount of incarceration possible. He wanted the new charges and the motion to revoke probation to be concluded. Counsel received multiple plea offers beginning with ten years to be served initially, and, ultimately, five and one-half years to be served initially. The petitioner indicated that he would plead if the sentence to be served initially involved fewer than eight years. In mid- February 2007, the amount of incarceration required in the plea offer was reduced and the petitioner agreed to plead.

One month before the trial, counsel began preparing for the Rule 11 proceeding. After discussions with his father, the petitioner decided that he wanted a trial and would not plead to the charges.

Regardless of the petitioner's indication that he would plead, counsel reviewed the discovery to determine whether to file pretrial motions. She does this in every case in order to determine whether motions should be filed and whether there are issues that will favor the defense during plea negotiations. In this case, counsel filed only a motion in limine to exclude the petitioner's prior criminal record.

Counsel considered filing a motion to sever the counts and discussed the issue with the petitioner. Counsel concluded that the older charges would be tried first if a motion to sever were granted. But the jury would have heard about the reason for the petitioner's going to the police station; the State undoubtedly would have sought to

2

introduce the testimony of both victims even if counsel succeeded on the motion to sever.

Counsel determined that the multiple charges and victims worked to the petitioner's advantage based on the theory that the young victims fabricated their allegations. The petitioner alleged that both girls had crushes on him and when he rejected them, they were angry and had a reason to get him in trouble. Further, the victim of the sexual abuse of a minor charge had "a lot of baggage" that counsel believed would affect the credibility of the other victim. Finally, the State would be better prepared for the subsequent trials if the counts were severed. Accordingly, no motion to sever was filed.

Prior to his arrest, the petitioner went to the Waterville Police Station to speak to law enforcement. He believed that the victim in count five was going to accuse him of rape and he wanted his side of the story heard first. He was interviewed by Detective David Caron, whom the petitioner had met previously. The interview took place in a room at the police station and lasted for just over one hour. The interview was videotaped. (Def.'s Ex. 1.)

During the interview, the petitioner confessed to having sexual contact with both victims. He testified at trial that he confessed because he was confused and suffers from depression; he alleged he was badgered by the officer so the petitioner told the officer what he wanted to hear. (Trial Transcript at 150-64; 168-83; 85-86; 292-96; 304-05; 308-14; 316-29.)

Counsel viewed the videotape of the interview three times: twice by herself and once with the petitioner. Counsel saw no basis on which the confession would be excluded at trial. She concluded there was no custodial interrogation or police

3

misconduct and the statements were voluntary. Counsel does not file frivolous motions, even if the statements will be difficult to deal with at trial.

Counsel discussed with the petitioner the difficulties with regard to the confession. Counsel believed that it was in the petitioner's best interests to plead guilty and take advantage of the offer of five and one-half years to be served initially. The petitioner wanted a trial, however, and counsel determined that her job was to give him a trial.

CONCLUSIONS

For trial issues, the petitioner must demonstrate that there has been serious incompetency, inefficiency, or inattention of counsel that falls below that which might be expected from an ordinary fallible attorney and that the ineffective representation by counsel has likely deprived the defendant of an otherwise available substantial ground of defense. See State v. Brewer, 1997 ME 177, ¶ 15-17, 699 A.2d 1139, 1143-44. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'" McGowan v. State, 2006 ME 16, ¶ 12, 894 A.2d 493, 497 quoting Aldus v. State, 2000 ME 47, ¶¶ 14-15, 748 A.2d 463, 468.

Heightened deference is accorded in reviewing strategic or tactical decisions by trial counsel. See True v. State, 457 A.2d 793, 796 (Me. 1983). The question is "whether the strategy has been shown to be manifestly unreasonable." Id.

The decision not to file a motion to sever the charges was based on the defense theory that these two victims made up their stories, that the credibility of the victim in counts one through four would be adversely affected by the circumstances of the victim in count five, and by the belief that the jury would hear about both victims even if the counts were severed. This strategy has not been shown to be manifestly unreasonable.

4

The court has viewed the entire videotape of the petitioner's interview with Detective Caron. Counsel was correct in her determination that a motion to suppress statements would have been denied. The defendant was not in custody. His statements were voluntary. There was no police coercion or misconduct.

The entry is

The Petition for Post-Conviction Review is DENEID.

Date:  March 2, 2010

Nancy Mills
Justice, Superior Court

IAN PETER STANDRING
   vs
STATE OF MAINE

**DOCKET RECORD**

PL. ATTY: DAVID PARIS
       72 FRONT STREET
       BATH ME 04530-2657
       APPOINTED 02/05/2009

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 01/09/2009

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

01/15/2009 FILING DOCUMENT -  PETITION FILED ON 01/09/2009

01/15/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/09/2009

01/16/2009 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 01/16/2009

02/04/2009 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 02/04/2009

02/11/2009 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 02/09/2009
       NANCY  MILLS , JUSTICE              .
02/13/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 02/05/2009
       NANCY  MILLS , JUSTICE
       COPY TO PARTIES/COUNSEL
02/13/2009 Party(s):  IAN PETER STANDRING
       ATTORNEY -  APPOINTED ORDERED ON 02/05/2009

       Attorney:  DAVID PARIS
03/31/2009 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 03/23/2009

       MOTION FOR ADDITIONAL TIME TO FILE AMENDED PETITION
03/31/2009 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/30/2009
       NANCY  MILLS , JUSTICE
       NO OBJECTION.  ANY AMENDED PETITION DUE 4/20/2009
                               COPY TO PARTIES
05/13/2009 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 05/13/2009

06/03/2009 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/29/2009

       DA:  PAUL RUCHA
06/12/2009 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 06/23/2009 @ 2:00
       NANCY  MILLS , JUSTICE
       PHONE CONFERENCE
06/12/2009 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 06/12/2009

06/25/2009 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 06/23/2009
       NANCY  MILLS , JUSTICE
       Attorney:  DAVID PARIS

DA: PAUL RUCHA

06/25/2009 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 06/23/2009
NANCY MILLS , JUSTICE
EVIDENTIARY HEARING - 1/2 DAY, SEPTEMBER 2009. BY 7/7/09, PETITIONER WILL FILE WITNESS
LIST AND SUMMARY OF WHAT WITNESSES STEELE AND VEAR WILL TESTIFY ABOUT.
COPY TO ATORNEYS

08/05/2009 OTHER FILING - OTHER DOCUMENT FILED ON 08/04/2009

Attorney: DAVID PARIS
LETTER TO THE COURT INDICATING THAT COUNSEL IS UNABLE TO PROVIDE A WITNESS LIST AT THIS
TIME.

11/03/2009 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 12/29/2009 @ 1:00
NANCY MILLS , JUSTICE
NOTICE TO PARTIES/COUNSEL

11/03/2009 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 11/03/2009

12/04/2009 WRIT - HABEAS CORPUS TO TESTIFY ORDERED ON 12/04/2009
NANCY MILLS , JUSTICE

12/04/2009 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/07/2009

CERTIFIED COPY TO SHERIFF DEPT.

12/23/2009 MOTION - MOTION TO DISMISS FILED BY STATE ON 12/23/2009

03/03/2010 HEARING - EVIDENTIARY HEARING HELD ON 12/29/2009

03/03/2010 MOTION - MOTION TO DISMISS GRANTED ON 12/29/2009
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL                                                          AS TO GROUND 3
OF THE PETITION

03/03/2010 FINDING - DENIED ENTERED BY COURT ON 03/02/2010
NANCY MILLS , JUSTICE

A TRUE COPY
ATTEST: _____
                        Clerk