STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss                           CRIMINAL ACTION
                                         DOCKET NO. CR-14-8399


FITZGERALD CARRYL,

          Petitioner
    v.                                   ORDER ON PETITION
                                         FOR POST-CONVICTION
STATE OF MAINE                           REVIEW

          Respondent


Before the court is Mr. Carryl's petition for post-conviction review. In the petition, he

alleges the following:

1.    trial counsel did not provide all discovery to petitioner;

2.    trial counsel failed to file pretrial motions;

3.    trial counsel did not negotiate adequately with the State;

4.    trial counsel told petitioner that if he delayed resolution of the case or did
      not cooperate with the authorities, his case could be prosecuted federally;

5.    trial counsel failed to inform petitioner that a plea would preclude an
      appeal of the decision on the motion to suppress;

6.    trial counsel did not believe petitioner would receive a fair trial based on
      his race but did not discuss with petitioner the jury selection process;

7.    trial counsel did not discuss trial strategies with petitioner; and

8.    trial counsel did not hire a private investigator.

For the following reasons, the petition is denied.

Background

On 1/11/13, defendant was indicted on five charges: possession of a firearm by a

prohibited person, class C; reckless conduct, class C; assault on an officer, class C; attempted

theft, class C; and escape, class B. On 2/4/13, defendant filed a motion to suppress the search of his vehicle and the fruits of the search. After hearing on 4/18/13, the motion was denied.

On 5/13/13, the petitioner pleaded guilty to possession of a firearm by a prohibited person, class C; reckless conduct, class C; and attempted theft, class C. Charges of assault on an officer, class C and escape, class B were dismissed by the State as part of the plea agreement, which called for an open plea. (5/13/13 Plea Tr. 3, 12.)

On 9/24/13, defendant was sentenced to three and one-half years of incarceration on count one and five years of incarceration on counts two and four, to be served concurrently with each other but consecutively to count one.

On 10/11/13, defendant filed a notice of appeal "from the motion order" to the Law Court. Defendant's appeal was withdrawn on 10/29/13. Also on 10/11/13, defendant filed an application to allow appeal of sentence. On 2/27/14, leave to appeal sentence was denied. On 4/2/14, defendant's motion for reconsideration of that denial was denied.

## Findings of Fact

Trial counsel was hired by defendant to represent him. Counsel filed a discovery request and a supplemental request. He reviewed the discovery with petitioner, who was not in custody pretrial and was able to meet trial counsel at his office. They determined the relevant issues and the basis for a viable motion to suppress. (State's Exs. 1-6.)

They did not believe the phone materials were material to the case and did not file a motion to suppress on that issue. Trial counsel believed it unlikely petitioner would have standing to contest the search of another person's phone. Mr. Wilson was in the car with petitioner at the time of the stop. (Pet'r's Ex. 1.) Law enforcement requested to search Mr. Wilson's phones. (State's Exs. 1-2.)

2

The Deputy District Attorney considered petitioner and Mr. Wilson, who was charged with robbery, to be co-defendants. They were not formally joined for trial.

A dispositional conference was held on January 30, 2014. (State's Ex. 8.) Trial counsel knew the State believed it had a strong case. The Deputy District Attorney's plea offer was ten years, far more than defendant would accept. Accordingly, the defense filed the motion to suppress on 2/4/14. (State's Ex. 7.)

The defense strategy focused on the motion to suppress evidence obtained as a result of the search. That was a stronger argument than challenging the stop of the vehicle, which was based on multiple reasons. (Pet'r's Ex. 1; 4/18/13 Tr. 7-8.) Trial counsel wanted to maintain credibility with the court by not focusing the motion on all possible issues. The challenge to the stop was withdrawn during the hearing. (Pet'r's Exs. 2A, 2B; 4/18/13 Tr. 7-8.) The video of the stop, which trial counsel watched multiple times before the hearing, was played at the motion hearing. Trial counsel would have discussed this strategy with petitioner before the hearing. The Deputy District Attorney agreed the challenge to the stop was the least meritorious challenge in the motion to suppress.

Trial counsel believed he had a good argument regarding the consent issue. He was surprised when the hearing justice determined the items in the car provided sufficient basis for the search. (4/18/13 Tr. 20-21, 38-40, 56.) Trial counsel knew that if the evidence were not suppressed, the case would be difficult at trial, especially on the firearm and assault charges. Defendant has three felony convictions: two for drug offenses and one for robbery. (9/24/13 Tr. 6.)

After the motion was denied, trial counsel and defendant discussed the implications of the hearing justice's ruling and whether to continue plea negotiations with the State or to proceed to

3

trial. Trial counsel discussed with petitioner trial strategy and the possibility of hiring a private investigator. No investigator was hired because this was a straightforward case. Trial counsel discussed with petitioner the trial proceeding, including voir dire, jury selection, and the make-up of a potential jury. Petitioner is African-American and trial counsel discussed the likelihood that the jury would have few African American members. There was no indication that petitioner did not understand these discussions. Trial counsel did not discuss with petitioner that because he was African American, his ability to receive a fair trial would be affected. Race did not enter trial counsel's analysis.

Trial counsel also discussed with petitioner an appeal of the adverse ruling on the motion to suppress, the Rule 11 proceeding, and the difficulty of setting aside a guilty plea once entered. Petitioner declined to appeal and declined to enter a conditional plea. He wanted to move forward with the case.

Defendant decided to pursue a plea offer and not a trial. Trial counsel and the Deputy District Attorney had multiple discussions, which were reported to petitioner. Trial counsel and the Deputy District Attorney could not agree on the appropriate amount of time of incarceration. She agreed to dismiss some charges including the most serious class B charge, and to proceed at sentencing with no plea agreement. She would not have dismissed these charges if petitioner had intended to enter a conditional guilty plea. She would have tried to resolve the case without an appeal, which she would have had to handle herself. She also planned to argue that some of the sentences should be imposed to run consecutively and believed that request was supported by section 1256. 17-A M.R.S. § 1256(2)-(4) (2015).

Petitioner accepted this offer and the focus was then on sentencing. Petitioner was not interested in cooperating with the State by providing information. Trial counsel discussed with

4

petitioner that the State would argue that he be taken into custody after the plea and sentencing. Trial counsel made no representation about the likely sentence to be imposed. The case involved serious charges and prior felony convictions.

Petitioner answered the judge's questions appropriately during the Rule 11 proceeding. (State's Ex. 10.) Petitioner stated he had had enough time to discuss the case with his attorney and petitioner did not have any questions. (State's Ex. 10 3.) The judge told petitioner that if he had any questions for his attorney, the judge would take a break and let petitioner speak with his attorney. (State's Ex. 10 3-4.) No request for a break was made. The presiding judge identified the elements of the crimes to which petitioner pleaded, the maximum sentences for each crime, the possibility of consecutive sentences, the fact that there was no plea agreement, and the constitutional rights petitioner was giving up by pleading. (5/13/13 Tr. 5-7, 8-13.) The presiding judge told petitioner that by pleading guilty, he was giving up his right to take an appeal. (5/13/13/ Tr. 10-11.) Petitioner stated he was satisfied with the advice received from trial counsel. (5/13/13 Tr. 18.)

Conclusions of Law

The petitioner must show that "(1) the performance of [his] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [his] attorney's error, [he] would not have entered a guilty plea and would have insisted on going to trial." Aldus v. State, 2000 ME 47, ¶ 13, 748 A.2d 463. "'[R]easonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" Laferriere v. State, 1997 ME 169, ¶ 8, 697 A.2d 1301 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). In making the determination of whether counsel was ineffective, the court "must be guided by the overall justness and fairness of the proceeding." Aldus, 2000 ME 47, ¶ 15, 748 A.2d 463.

"A plea is valid if it is made voluntarily with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial." Laferriere, 1997 ME 169, ¶ 9, 697 A.2d 1301 (quoting State v. Comer, 584 A.2d 638, 640 (Me. 1990)). Heightened deference is accorded in reviewing strategic or tactical decisions by trial counsel. See True v. State, 457 A.2d 793, 796 (Me. 1983). The question is "whether the strategy has been shown to be manifestly unreasonable." Id.

Specific Conclusions

Trial counsel provided and discussed discovery with petitioner. Trial counsel adequately negotiated with the State and succeeded in having two charges dismissed and not having petitioner joined with Mr. Wilson. There was no federal interest in petitioner's case. Trial counsel discussed with petitioner the trial process, including voir dire and jury selection, and trial strategy. No evidence was presented at the hearing on the petition for post-conviction review about what, if anything, a private detective may have found.

Although petitioner made serious allegations at the hearing on the petition, he denied any problems during the Rule 11 proceeding. (5/13/13 Tr. 3-4, 18.) Petitioner stated further he understood the elements of the crimes to which he pleaded, the penalty that could be imposed, the constitutional rights he was giving up by pleading, and the right to an appeal he was giving up by pleading. (5/13/13 Tr. 5-7, 8-13.) His plea was valid. Laferriere, 1997 ME 169, ¶ 9, 697 A.2d 1301.

Trial counsel's handling of the motion to suppress, the focus of petitioner's challenge, was reasonable. The presiding justice disagreed with petitioner's argument. Trial counsel discussed various options after the denial of the motion to suppress, including a further negotiation with the State, proceeding to trial, and a conditional plea.

6

Petitioner testified he would have gone to trial if he had known his pleas extinguished his right to appeal the ruling on the motion to suppress. There is no evidence on this record that the Deputy District Attorney would have agreed to such a plea. M.R.U. Crim. P. 11(a)(2). In fact, the reasonable inference to be drawn from her testimony is that she would not have agreed. Further, there is no evidence on this record the appellate review would have resulted in a decision favorable to petitioner. Finally, in light of the strength of the State's case against petitioner, the petitioner's record involving three felony convictions, and the State's intent to argue for consecutive sentences,[1] the court concludes petitioner would not have insisted on going to trial on four class C crimes and one class B crime. Petitioner has not sustained his burden of proving "there is a reasonable probability that, but for [his] counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Aldus, 2000 ME 47, ¶ 13, 748 A.2d 463.

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: November 22, 2016

Nancy Mills
Justice, Superior Court

---

[1] Consecutive sentences were imposed. (9/24/13 Tr. 51-53.)

7